**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-4325

WILLIAM E. LESLIE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-01-222-1)

Submitted: August 28, 2002

Decided: September 25, 2002

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William V. DePaulo, ROSS & DEPAULO, P.L.L.C., Hurricane, West
Virginia, for Appellant. Kasey Warner, United States Attorney, John
J. Frail, Assistant United States Attorney, Andrew S. Culicerto, Third-
Year Law Student, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William E. Leslie appeals the sentence of forty-six months imprisonment he received after his guilty plea to an information charging conspiracy to manufacture methamphetamine, 21 U.S.C. § 846 (2000). He contends that the district court erred by increasing his offense level for relevant conduct, that is, additional drug quantities beyond the 25.5 grams of methamphetamine seized at his arrest. *U.S. Sentencing Guidelines Manual* §§ 1B1.2, 2D1.1 (2000). We affirm.

Leslie received a two-level reduction in offense level under § 2D1.1(b)(6) because he met the criteria for a safety valve reduction under 18 U.S.C. § 3553(f) (2000). He argues that, by enacting the safety valve provision in § 3553(f), Congress intended to limit the sentencing court's discretion to impose a sentence outside the guideline range as initially determined by the base offense level and criminal history category. Leslie asserts that a defendant who meets the criteria for a safety valve reduction must be sentenced without any increase in offense level due to consideration of relevant conduct. Because Leslie did not make this claim in the district court, we review the issue for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Leslie relies on the language in § 3553(f) which states, "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence" if the court finds that the defendant meets the prescribed criteria. Leslie states that this language "explicitly repealed any statutory minimum based on [drug] volume," and "also implicitly abolished any statutory maximum other than that specified in the Sentencing Guidelines." He offers no authority for this reading of § 3553(f). Section 994 of title 28 permits a sentence within the sentencing guideline range when the range is lower than a statutory minimum, but does not suggest that the guideline range should be determined in any manner that is different from the normal operation of the sentencing guidelines, which always includes relevant conduct, where pertinent, in the calculation of the offense level.

Leslie further argues that, for defendants who qualify for a safety valve reduction, the guideline range is the "sole statutory reference for sentencing." He defines the guideline range in this context as the range determined solely by the base offense level, increased for drug quantity derived from the offense of conviction and other adjustments. But he insists that any additional drug quantities that increase the offense level, i.e., that are derived from relevant conduct, must be charged in the indictment, and found by a jury beyond a reasonable doubt. Leslie's position is clearly in conflict with our precedent. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (holding that "the relevant 'maximum' under *Apprendi* is found on the face of the statute rather than in the Sentencing Guidelines"), *cert. denied*, 532 U.S. 937 (2001). Consequently, Leslie has not shown that the district court's use of relevant conduct to increase his offense level and guideline range was plain error.

Leslie initially argued that the increase in his offense level based on uncharged relevant conduct violated the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, in his reply brief, he concedes that the Supreme Court rejected his argument in *United States v. Harris*, 122 S. Ct. 2406 (2002) (holding that brandishing is sentencing factor for offense under § 924(c)(1)(A)). Therefore, we need not address the issue.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*