**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLIAM MORENO, a/k/a Willie Moreno,

*Defendant-Appellant.*

No. 02-4563

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-01-03)

Submitted: April 30, 2003

Decided: May 30, 2003

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Paul J. McNulty, United States Attorney, Sonya L. Sacks, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William Moreno pled guilty to conspiracy to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 220 months imprisonment, to be followed by five years supervised release. Moreno appeals.

Counsel for Moreno argues, and the Government agrees, that the district court erred in failing to apply the mandatory, two-level safety valve reduction provided for in 18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2003); *U.S. Sentencing Guidelines Manual* §§ 5C1.2(a), 2D1.1(b)(6) (2001).* Because Moreno did not object to the district court's failure to apply the safety valve, we review the claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993). Under that standard, we can correct a forfeited error if: (1) there is an error; (2) that is plain; (3) that affects the substantial rights of the party; and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 730-31 (internal quotations omitted).

Application of the safety valve is mandatory where five specific factors are present. *United States v. Beltran-Ortiz*, 91 F.3d 665, 667 n.1 (4th Cir. 1996). Both parties agree, as did the probation officer who prepared the presentence report, that the factors are present and the safety valve is applicable in this case. Thus, failure to apply the safety valve is error that is plain.

To establish that the error affects his substantial rights, Moreno

---

*Although Moreno waived his right to appeal, where, as here, the Government explicitly "waives its waiver" the appellate courts do not enforce it. *See United States v. Garcia-Lopez*, 309 F.3d 1121, 1123 (9th Cir. 2002); *United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001).

must show prejudice. *Olano* at 734-35. The district court's error resulted in its sentencing Moreno within a guideline range of 188 to 235 months, rather than the applicable range of 151 to 188 months. Moreno was sentenced to 220 months. Obviously, his substantial rights were affected, as he received a sentence almost three years longer than the maximum sentence he could have received under the safety valve. *See United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (holding erroneous extension of supervised release period affects substantial rights). Finally, we must determine whether the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 730-31. Clearly, sentencing a defendant beyond the appropriate guideline range seriously affects the fairness, integrity, and reputation of the courts, as "[n]o court of justice would require a man to serve . . . undeserved years in prison when it knows that the sentence is improper." *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996).

We find that the district court's failure to apply the safety valve in sentencing Moreno was plain error. Accordingly, we vacate his sentence and remand for resentencing.

Moreno was granted leave to file a pro se supplemental brief raising several issues. We have reviewed these issues and conclude that they entitle Moreno to no relief.

Accordingly, we vacate Moreno's sentence and remand for application of the safety valve provisions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*