**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4543

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ERVIN WILDER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (CR-04-35)

Argued:  September 22, 2005         Decided:  October 19, 2005

Before NIEMEYER, Circuit Judge, HAMILTON, Senior Circuit Judge, and Robert J. CONRAD, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** George Bullock Currin, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.   **ON BRIEF:** Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Ervin Wilder, Jr. appeals from the concurrent sixty month sentence imposed by the district court following his pleas of guilty to possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession with intent to distribute marijuana. Id. §§ 841(a)(1) and (b)(1)(D). For the reasons stated below, we vacate Wilder's sentence and remand for resentencing.

I

On November 5, 2003, a confidential informant notified the Nash County, North Carolina Sheriff's Office of an impending drug transaction involving Luther Breland and Wilder. As a result of this information, the sheriff's office set up surveillance on Breland. On November 6, 2003, Breland, while under surveillance by the sheriff's office, traveled to Wilder's residence in Spring Hope, North Carolina and purchased one ounce of cocaine from Wilder. Following the transaction, Breland was arrested. A search warrant was obtained and executed at Wilder's residence. Pursuant to the search of Wilder's residence, law enforcement agents seized, inter alia, 572 grams of cocaine, thirty pounds of marijuana, and several unloaded firearms in a gun cabinet.

A federal grand jury indicted Wilder on two counts. Count One charged Wilder with possession with intent to distribute 500 grams

or more of cocaine.  Id. §§ 841(a)(1) and (b)(1)(B).  Count Two charged him with possession with intent to distribute marijuana. Id. §§ 841(a)(1) and (b)(1)(D).  Pursuant to a plea agreement, Wilder agreed to plead guilty to both counts.

The Presentence Investigation Report (PSR) recommended a base offense level of twenty-six, United States Sentencing Commission, Guidelines Manual, (USSG) § 2D1.1(c)(7).  Two levels were added because a dangerous weapon was possessed, USSG § 2D1.1(b)(1).  The PSR recommended a three level reduction for acceptance of responsibility, USSG § 3E1.1(b), resulting in an offense level of twenty-five.  Coupled with a criminal history category of one, Wilder's Guidelines range for Count One was sixty to seventy-one months.  His Guidelines range for Count Two was fifty-seven to sixty months.  The ranges differed between Counts One and Two because sixty months was the minimum sentence authorized by statute for Count One (under 21 U.S.C. § 841(b)(1)(B), five-year minimum sentence if offense involves more than 500 grams of cocaine) and sixty months was the maximum sentence authorized by statute for Count Two (under 21 U.S.C. § 841(b)(1)(D), five-year maximum sentence if offense involves less than fifty kilograms of marijuana).

Wilder made several objections to the PSR. First, he objected to the two-level enhancement for firearm possession, arguing both that there was no factual support for the enhancement and that the

enhancement was unconstitutional pursuant to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). He also argued that he qualified for the application of the "safety valve" provision contained in USSG § 5C1.2.[1]

On July 6, 2004, Wilder was sentenced. At the beginning of the sentencing hearing, the district court announced it would not consider the Sentencing Guidelines as binding, but instead would impose a sentence "as authorized by statute."[2] The court explained it nevertheless would take into account the information contained in the PSR and the factors identified in the Sentencing Guidelines.

During the sentencing hearing, Wilder argued that the firearm enhancement should not apply and that he qualified for the application of the safety valve provision. The district court declined to make a factual finding concerning whether Wilder

---

[1]"The safety valve permits shorter sentences for a first-time offender who would otherwise face a mandatory minimum, provided that he meets five statutory requirements." <u>United States v. Fletcher</u>, 74 F.3d 49, 56 (4th Cir. 1996). For USSG § 5C1.2 to apply,(1) the defendant cannot have more than one criminal history point; (2) the defendant cannot have used violence or threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense cannot have resulted in death or serious bodily injury; (4) the defendant cannot have been an organizer, leader, manager, or supervisor in regard to the offense; and (5) no "later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense." USSG § 5C1.2.

[2]The sentencing hearing took place after the Supreme Court had issued its decision in <u>Blakely</u>, but before the Court had issued its decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

possessed the firearms in connection with the drug offenses. The court also declined to address the question of whether Wilder was entitled to the application of the safety valve provision. Instead, the court stated it was "not relying on the guidelines in any way, shape or form." The district court sentenced Wilder to concurrent sixty-month terms of imprisonment. In the judgment, the court stated that the Guidelines were unconstitutional and the court was sentencing Wilder under its "statutory authority." The court added that, in imposing the sentence, it considered the PSR and Wilder's objections to the PSR.

II

On appeal, Wilder contends that the district court was required to determine whether he was eligible for the benefit of the safety valve provision in determining his sentence. We agree.

We begin by noting that, in sentencing Wilder, the district court did not have the benefit of either Booker or our decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In Booker, the Supreme Court held that its decision in Blakely applied to the Sentencing Guidelines and that the mandatory Guidelines scheme providing for sentence enhancements based on facts found by the sentencing court violated the Sixth Amendment. Booker, 125 S. Ct. at 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory

- 5 -

provisions that mandate sentencing and appellate review under the Guidelines, thus making the Guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Subsequently, in Hughes, we held that a sentence that is enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, facts not admitted by the defendant), violates the Sixth Amendment and constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory Guidelines scheme. Hughes, 401 F.3d at 545-56.

In the wake of Booker, the Guidelines no longer are mandatory. However, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). Thus, in imposing a sentence, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reason for the departure as required by 18 U.S.C. § 3553(c)(2). Hughes, 401 F.3d at 546. The sentence must be

"within the statutorily prescribed range and . . . reasonable."
Id. at 547.

In this case, the district court declined to make findings of fact necessary to the determination of a range pursuant to the Sentencing Guidelines.  Specifically, the court declined to rule either on Wilder's objection to the firearm enhancement or on his claim of entitlement to the benefit of the safety valve provision. It necessarily follows that the court neither calculated a range pursuant to the Guidelines nor considered that range.  Thus, the court's sentencing approach runs afoul of Hughes because that case requires the sentencing court to calculate the defendant's sentencing range under the Sentencing Guidelines.

The only remaining question is whether the error here is harmless.  Under Rule 52(a) of the Federal Rules of Criminal Procedure, an appellate court may disregard any error that does not affect substantial rights.  The government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights.  United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001).  Substantial rights are affected when the error alters the outcome of the proceeding.  Id.  An error in sentencing may be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed."  Williams v. United States, 503 U.S. 193, 203 (1992).

In this case, we are of the opinion that the error is not harmless.  The district court never addressed the applicability of the safety valve provision and we can only speculate as to the sentence the court would have imposed had it concluded that the safety valve provision was applicable.  Because the application of the safety valve provision under both a Guidelines (USSG § 5C1.2) and statutory approach (18 U.S.C. § 3553(f)) would have permitted a sentence well below the sixty month concurrent sentence the district court ultimately imposed, we cannot say that the court's failure to consider the safety valve provision did not affect its ultimate determination of the proper sentence.

## III

For the reasons stated herein, we vacate Wilder's sentence and remand the case for resentencing.  On remand, the court should follow the sentencing approach outlined in our decision in <u>Hughes</u>.[3]

<u>VACATED AND REMANDED</u>

---

[3]We express no opinion on whether Wilder is, in fact, entitled to the benefit of the safety valve provision.