# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

GUILLERMO CARDENAS-JUAREZ,
    *Defendant-Appellant.*

No. 05-30250

D.C. No.
CR-04-146-SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 16, 2006*
Seattle, Washington

Filed December 8, 2006

Before: Dorothy W. Nelson, David R. Thompson, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Thompson

    *This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Anthony R. Gallagher, David Avery, Evangelo Arvanetes, Federal Defenders of Montana, Great Falls, Montana, for the defendant-appellant.

William W. Mercer, Lori Harper Suek, United States Attorney's Office, Billings, Montana, for the plaintiff-appellee.

**OPINION**

THOMPSON, Senior Circuit Judge:

On January 4, 2005, in the United States District Court for the District of Montana, Guillermo Cardenas-Juarez pleaded

guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). After requesting briefing and continuing the sentencing hearing, the district court concluded that *United States v. Booker*, 543 U.S. 220 (2005), rendered the statutory safety valve of 18 U.S.C. § 3553(f) advisory, and therefore it was "trumped" by the mandatory minimum set forth in 21 U.S.C. § 841. The district court then sentenced Cardenas-Juarez to the mandatory minimum of sixty months in federal prison.

Cardenas-Juarez appeals his sentence, arguing that the district court should have applied the statutory safety valve to relieve him from the statutory minimum. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We vacate the sentence and remand for resentencing.

## I.   BACKGROUND

On July 17, 2004, after being stopped by the Montana Highway Patrol for speeding on United States Highway 2 near Havre, Montana, Cardenas-Juarez was arrested for possession of cocaine. On October 26, 2004, a grand jury in the District of Montana handed down an indictment charging him with possession of 500 or more grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Cardenas-Juarez initially entered a plea of not guilty but later changed his plea to guilty.

At Cardenas-Juarez's sentencing hearing, the district court advised counsel that it did not think it could apply 18 U.S.C. § 3553(f), the statutory safety valve exception to the mandatory minimum sentence, without concluding that the safety valve provision *required* sentencing within the United States Sentencing Commission Guidelines ("Sentencing Guidelines" or "Guidelines"), which it understood would be a direct violation of the Supreme Court's decision in *Booker*. The court, therefore, gave counsel five days in which to file briefs addressing the safety valve issue under *Booker*.

After counsel for both parties filed briefs asserting that the safety valve exception to mandatory minimum sentencing is advisory, a continued sentencing hearing was held. At that hearing, the district court concluded that § 3553(f) *required* it to sentence Cardenas-Juarez under the Sentencing Guidelines, and such a requirement could not survive *Booker*. Thus, the § 3553(f) safety valve became advisory only. Then, because the minimum five-year sentence in § 841 is mandatory and § 3553(f) is only advisory, the five-year mandatory minimum "trumped" the safety valve statute, making it inapplicable. Despite both parties' arguments that the safety valve statute could still be applied after *Booker*, the district court ruled to the contrary and sentenced Cardenas-Juarez to the statutory minimum under 21 U.S.C. § 841 — five years, or sixty months. This appeal by Cardenas-Juarez followed.

## II.   APPLICATION OF THE STATUTORY SAFETY VALVE

To ensure that the Federal Sentencing Act, 18 U.S.C. §§ 3551-3673 (West 2000 & Supp. 2005); 28 U.S.C. §§ 991-998 (West 1993 & Supp. 2005), did not violate the Sixth Amendment, the Supreme Court in *Booker* excised the portion of the Act that made the Sentencing Guidelines mandatory — 18 U.S.C. § 3553(b)(1) — thus "mak[ing] the Guidelines effectively advisory." *Booker*, 543 U.S. at 245. The Court held that with § 3553(b)(1) and one other provision regarding appellate review of mandatorily-imposed sentences — 18 U.S.C. § 3742(e) — excised, the Federal Sentencing Act "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." *Booker*, 543 U.S. at 245-46 (citing 18 U.S.C. § 3553(a) (West Supp. 2004)).

[1] The safety valve statute, 18 U.S.C. § 3553(f), was enacted by Congress in 1994 to "increase[ ] the consistency, rationality, and . . . effectiveness of federal sentencing laws." H.R. Rep. No. 103-460, summary & purpose (1994). The

intent was to "increase the effectiveness of existing controlled substance mandatory minimums by ensuring that these penalties are directly targeted toward relatively more serious conduct." *Id.*

At the first sentencing hearing in Cardenas-Juarez's case, the district court expressed concern that the language of the statutory safety valve made imposing a sentence within the Guidelines obligatory, and found that requirement inconsistent with the language of *Booker*. The specific language of the safety valve statute that the district court quoted was: "Notwithstanding any other provision of law, in the case of [certain] offense[s] . . . , the court *shall* impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 . . . without regard to any statutory minimum . . . ." 18 U.S.C. § 3553(f) (West 2000) (emphasis added). Ultimately, counsel for both parties and the district court agreed that, in light of *Booker*, § 3553(f) could only be read as advisory, not mandatory.[1]

Two district courts have published opinions on this subject. *See United States v. Cherry*, 366 F. Supp. 2d 372 (E.D. Va. 2005); *United States v. Duran*, 383 F. Supp. 2d 1345 (D. Utah 2005).[2] The *Duran* court determined that the safety valve stat-

---

[1]In his brief before this court, Cardenas-Juarez clarifies that he views the safety valve statute as mandatory, but he understands that it invokes an advisory guideline scheme.

[2]Some circuit courts have addressed the question whether the statutory safety valve is advisory after *Booker*, but they have done so only in the context of defendants who argued for discretionary application of the safety valve where one or more of the safety valve eligibility requirements — i.e., no more than one criminal history point, no firearm involvement, cooperation with the government, *see* 18 U.S.C. § 3553(f) — had not been satisfied. *See United States v. McKoy*, 452 F.3d 234, 239-40 (3d Cir. 2006); *United States v. Brehm*, 442 F.3d 1291, 1299-1300 (11th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 157-58 (2d Cir. 2005); *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005). Those courts all concluded the safety valve eligibility requirements retain their

ute is mandatory in that it *requires* a district court to consider the Guidelines once all the provisions of the safety valve statute are satisfied. *Duran*, 383 F. Supp. 2d at 1348. Nevertheless, the *Duran* court recognized that the Guidelines remain advisory under *Booker* so that the district court is required to consider them, but is not required to impose a sentence squarely within a Guidelines range. *Id.*

The court in *Duran* based its holding on an interpretation of the term "pursuant to." *See* 18 U.S.C. § 3553(f) (stating that "the court shall impose a sentence *pursuant to* the guidelines") (emphasis added). The court concluded that "[s]o long as the court consults the Guidelines in determining an appropriate sentence, any resulting sentence is 'pursuant to' the Guidelines." *Duran*, 383 F. Supp. 2d at 1347. The court further based its holding on the rule of statutory construction favoring a reading of the statute that allows it to survive constitutional scrutiny. *Id.* at 1347-48. "Rather than read the safety valve provision as containing a defect, it is far better to read the provision as simply incorporating advisory Guidelines." *Id.* at 1347.

Following the constitutional-avoidance argument in *Duran*, as well as the reasoning in an unpublished Fourth Circuit opinion, *see United States v. Leslie*, 46 Fed. Appx. 699, 700 (4th Cir. 2002), the Eastern District of Virginia ruled that district courts must apply the safety valve statute to determine a purely advisory Sentencing Guideline range that should be considered along with other factors listed in 18 U.S.C. § 3553(a). *Cherry*, 366 F. Supp. 2d at 365-76 & n.2.

mandatory nature even after *Booker*. *McKoy*, 452 F.3d at 239-40; *Brehm*, 442 F.3d at 1292; *Barrero*, 425 F.3d at 157-58; *Payton*, 405 F.3d at 1173. These holdings do not directly answer the question presently before this court — whether the statutory safety valve's requirement that a sentence be imposed pursuant to the Guidelines when all of its eligibility criteria are satisfied violates the principles articulated in *Booker*.

**[2]** Our court has not previously considered the specific question whether, after *Booker*, the safety valve statute, 18 U.S.C. § 3553(f), is a mandatory or an advisory provision of the Federal Sentencing Act. We have, however, held that "*Booker* does not bear on mandatory minimums," *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005), and that there is no need for a jury to find facts beyond a reasonable doubt to allow a *decreased* — as opposed to an increased — sentence when applying the safety valve statute, because in such a situation the Sixth Amendment is not implicated. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1263 (9th Cir. 2005).

**[3]** We now hold that the safety valve statute, 18 U.S.C. § 3553(f), survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sentencing Guidelines. This is consistent with congressional intent both to provide relief for less serious offenders and to reduce sentencing disparity. When the statutory safety valve requirements of § 3553(f) are met, "district courts still 'must consult [the] Guidelines and take them into account when sentencing,' even though they now have the discretion to impose non-Guidelines sentences." *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 264).

## III. APPLICATION TO CARDENAS-JUAREZ'S SENTENCE

In imposing Cardenas-Juarez's sentence, the district court determined that the safety valve provision of 18 U.S.C. § 3553(f) was advisory and the minimum sentence provision of 21 U.S.C. § 841 was mandatory; the mandatory minimum "trumped" the advisory safety valve, and therefore the court was precluded from applying the safety valve in any way.

**[4]** As previously discussed, however, the advisory nature of the Guidelines does not make application of the § 3553(f) safety valve advisory. Section 3553(f) must still be applied in

cases where its five eligibility requirements are met. *See* 18 U.S.C. § 3553(f) (listing the following requirements: (1) no more than one criminal history point, or previous offense; (2) the absence of violence or the use of a firearm in connection with the offense; (3) no resulting death or serious bodily injury; (4) the defendant's role as something other than an organizer, leader, manager, or supervisor, and the absence of a continuing criminal enterprise; and (5) the defendant's truthful cooperation in telling the government everything he knows about the offense). Neither the parties nor the district court has ever contended that Cardenas-Juarez did not satisfy the five safety valve eligibility requirements. Therefore, the plain language of 18 U.S.C. § 3553(f) *requires* the district court to impose a sentence without regard to the mandatory minimums. As Cardenas-Juarez points out in his brief, "the 'shall' in the 'safety valve' language is directed not only at the phrase 'impose a sentence pursuant to the guidelines,' but also at the subsequent phrase 'without regard to any statutory minimum sentence.' " Our holding today is not inconsistent with *Booker*. Section 3553(f) requires the district court to impose a sentence that "take[s] account of the [advisory] Guidelines together with other sentencing goals" outlined in § 3553(a). *See Booker*, 543 U.S. at 259. Furthermore, the simple inclusion of mandatory language in a portion of the Federal Sentencing Act does not render it invalid after *Booker*. *Booker* itself left mandatory language in place in 18 U.S.C. § 3553(a): "The court *shall* impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a) (West Supp. 2005) (emphasis added). The statutory safety valve of 18 U.S.C. § 3553(f) thus survives the Supreme Court's holding in *Booker*, and district courts must continue, in accordance with congressional intent, to apply its relief from mandatory minimums in appropriate cases.

## IV. CONCLUSION

[5] Because the district court incorrectly interpreted *Booker* as precluding application of the statutory safety valve of 18

U.S.C. § 3553(f), we vacate Cardenas-Juarez's sentence and remand his case to the district court for resentencing in accordance with the principles outlined above.

Sentence **VACATED. REMANDED FOR RESENTENCING.**