**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Reza ABOLAHRAR, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Mohammadali Abolahrar, Defendant—
Appellant.**

Nos. 06–50172, 06–50173.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2007 *.

Filed May 29, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Matthew E. Sloan, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael D. Nasatir, Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

Reza Abolahrar and Mohammadali Abolahrar ("Appellants") appeal their sentences following their jury convictions. The parties are familiar with the facts and procedure and we repeat them here only as necessary.

■ First, Appellants argue that the Sentencing Guidelines remain "mandatory and binding" in the wake of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that the district court violated their Sixth Amendment

rights by imposing sentences above the Guidelines range. Appellants' *Booker* claim is belied by *Booker* itself. *See Booker*, 543 U.S. at 264, 125 S.Ct. 738; *see also United States v. Cardenas–Juarez*, 469 F.3d 1331, 1333 (9th Cir.2006).

■ Second, Appellants argue that the district court violated their Fifth and Sixth Amendment rights when it increased their sentences for "uncharged conspiracies," namely for billing for medications that were not prescribed or had been "discontinued" for a particular patient. Because Appellants failed to raise this issue in the district court, we review for plain error. *United States v. Cotton*, 535 U.S. 625, 629–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). There were no uncharged conspiracies in play here. The indictment clearly alleged that the defendants billed for medication that was not dispensed, allegations that were amply supported by the evidence. The district court did not plainly err is applying the sentencing enhancement.

■ Third, Appellants urge the panel to disregard our decision in *United States v. Rutgard*, 116 F.3d 1270 (9th Cir.1997), in favor of the Tenth Circuit's holding in *United States v. Custodio*, 39 F.3d 1121 (10th Cir.1994), even though both parties agree that *Rutgard* is both on point and controlling. We decline this invitation. *See Barapind v. Enomoto*, 400 F.3d 744, 750–51 (9th Cir.2005) (en banc) (per curiam); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir.2001). Under *Rutgard*, Appellants were in a position of trust vis-a-vis the government insurer. Thus, the two-level enhancement under USSG § 3B1.3 was proper. *See Rutgard*, 116 F.3d at 1293 (citing cases).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, Appellants argue that they should not have received a four-point sentencing enhancement under USSG § 3B1.1(a) for being involved in a scheme that was "otherwise extensive." We conclude that under our precedent and the plain language of the Guidelines, the district court did not clearly err in considering "unwitting" participants in determining whether or not the scheme was "otherwise extensive." *See United States v. Leung,* 35 F.3d 1402, 1406–07 (9th Cir.1994); UNITED STATES SENTENCING GUIDELINES § 3B1.1(a) cmt. n. 3 (1998).

**AFFIRMED.**