**UNITED STATES of America**

v.

**Raymond N. BROWN, Jr., Defendant.**

**Criminal Action No. 4:09cr63–11.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 15, 2011.

602

Howard J. Zlotnick, United States Attorney's Office, Newport News, VA, for United States of America.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter came before the court on the court's *sua sponte* correction of defendant Raymond N. Brown Jr.'s sentence pursuant to Federal Rule of Criminal Procedure 35 ("Rule 35"). In a ruling from the bench, the court corrected the defendant's sentence by applying the safety valve provision of 18 U.S.C. § 3553(f) ("safety valve provision" or "safety valve"), and sentenced the defendant to one hundred (100) months incarceration and five (5) years of supervised release.[1] *See* Judgment, Docket # 303. For the reasons that follow, the court determined that the safety valve applied to the defendant so that he could be sentenced pursuant to the United States Sentencing Guidelines ("Guidelines") without regard to the mandatory minimum sentence. In so doing, the court determined that it had committed clear error in holding otherwise during

---

1. At the conclusion of the correction of sentence hearing, the court reserved the option to issue a written opinion at a later date to memorialize its ruling from the bench.

the original sentencing hearing, such that a correction of sentence under Rule 35 was proper.

## I.

On July 19, 2010, the defendant pled guilty to Count One of a five-count Second Superseding Indictment pursuant to a written plea agreement. The court accepted the defendant's plea of guilty and adjudged him guilty of Count One on the same day. Count One charged defendant with Conspiracy to Distribute and Possess With Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii), and § 846. The offense conduct the defendant admitted in the filed statement of facts accompanying his plea agreement was, in essence, that he participated in a drug conspiracy by renting a storage shed in his backyard to his co-defendants so that they could store cocaine there before repackaging and selling it. During the course of his participation in the conspiracy, the defendant permitted storage of 104 kilograms of cocaine on his property.

On November 18, 2010, this court sentenced the defendant to a term of one hundred twenty (120) months imprisonment, the mandatory minimum sentence, and five (5) years of supervised release.[2] At that sentencing hearing, the court inquired of the parties as to whether the safety valve provision could be applied to the defendant such that the court could sentence him without regard to the mandatory minimum sentence. The defendant argued that he was eligible for relief under the safety valve because he met the five criteria listed in the statute. *See* Transcript of Sentencing held November 18, 2010, 15–18 [hereinafter "Tr."]. The government agreed that the defendant met the criteria, but argued that the defendant was still ineligible for relief because his Guidelines range was above the mandatory minimum.[3] Tr. at 18–20. Ultimately, the court agreed with the government and stated that it was sentencing the defendant to the mandatory minimum because the defendant was ineligible for the safety valve provision, as his Guidelines range was above the mandatory minimum. *See* Tr. at 27–28.

The court subsequently determined that a correction of sentence pursuant to Rule 35 was required. As a result, the court conducted a hearing pursuant to Rule 35 on December 1, 2010.[4] At that hearing, the court heard arguments from each party as to the issue of the application of the safety valve to the defendant. Ultimately, in a ruling from the bench,[5] the court concluded that it had committed clear error in finding that the defendant was ineligible for the provisions of the safety valve because his Guidelines range was above the mandatory minimum, as that holding is not legally correct. Therefore, the court found the defendant eligible for the safety valve and corrected his sentence to one hundred (100) months imprisonment and five (5) years supervised release, with all

---

2. At sentencing, the court denied the defendant's motion to be considered a minor participant. That ruling was not reconsidered at the correction of sentence hearing.

3. The defendant's Guidelines range, with his offense level of thirty-two (32) and criminal history category of I, was 121–135 months. The statutory mandatory minimum for a violation of 21 U.S.C. § 841(b)(1)(A)(ii) is ten (10) years, or one hundred twenty (120) months. While the defendant had absolutely no criminal record before the current convictions, his Guidelines range was above the mandatory minimum because of the drug weights attributed to him. *See infra* note 7.

4. Upon informing counsel that a hearing under Rule 35 was warranted, the court provided time for each party to submit any additional authority to the court that it wished to have considered. *See* Order, Docket # 300.

5. *See supra* note 1.

other stipulations and conditions of the original sentencing order still in effect.[6] *See* Judgment, Docket # 303.

## II.

■ The interpretation of the safety valve, codified at 18 U.S.C. § 3553(f), is the central issue that concerned the court. More precisely, the court needed to determine as a matter of law whether a defendant whose Guidelines range is above the statutory mandatory minimum is eligible for the safety valve, when all criteria of that statutory provision are met, and thus eligible to be sentenced without regard to that minimum sentence.[7]

## A.

The safety valve provision provides:

Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), *the court shall impose a sentence pursuant to guidelines* promulgated by the United States Sentencing Commission under section 994 of title 28 *without regard to any statutory minimum sentence, if the court finds at sentencing,* after the Government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphasis added).[8]

In enacting the safety valve in 1994, Congress acted "to remedy an inequity in the Guidelines whereby more senior operatives could obtain lighter sentences than less culpable lower-level operatives because the former had more information to offer than the latter and so could benefit from the Substantial Assistance downward departure under U.S.S.G. § 5K1.1." *United States v. Washman,* 128 F.3d 1305, 1307 (9th Cir.1997); *see United States v. Ivester,* 75 F.3d 182, 183 (4th Cir.1996).

---

**6.** The court originally sentenced the defendant to one hundred twenty (120) months imprisonment, the mandatory minimum sentence. *See supra* note 3.

**7.** At the outset, the court notes that this case presented a unique situation: a defendant who meets the five criteria required for the application of the safety valve, yet whose Guidelines range is above the mandatory minimum. The typical case is where a defendant qualifies for the safety valve and his Guidelines range, based on his offense conduct and criminal history, is under the mandatory minimum sentence.

**8.** These provisions are repeated in the Guidelines. U.S.S.G. § 5C1.2 (2010).

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held the mandatory Guidelines sentencing scheme unconstitutional, courts applying the safety valve held that its provisions were only available when the defendant's Guidelines range was below the mandatory minimum sentence. *See, e.g., United States v. Leslie*, 46 Fed.Appx. 699, 700 (4th Cir.2002). This is only logical because when the Guidelines were binding, the court would have been faced with the illogic of following two congressional mandates that were both mandatory on sentencing: a mandatory Guidelines range and a mandatory minimum sentence.

After *Booker*, however, the Guidelines are now advisory. 543 U.S. at 245, 125 S.Ct. 738; *e.g., United States v. Pauley*, 511 F.3d 468, 472 (4th Cir.2007). The question then is what effect this case law has had on the operation and application of the statutory safety valve provision. The Fourth Circuit has not yet spoken on this issue, but this court is guided by the decisions of other circuits. The Seventh Circuit stated plainly that "[u]nder the regime of *Booker*, the judge is to treat the guidelines as only advisory even in a safety-valve case." *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir.2008) (citing *United States v. Quirante*, 486 F.3d 1273, 1276 (11th Cir.2007) (holding that when a defendant meets the requirements for the safety valve, its application is mandatory)). Additionally, the Ninth Circuit reached the same conclusion, holding "that the safety valve statute, 18 U.S.C. § 3553(f), survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sen-

tencing Guidelines. This is consistent with congressional intent both to provide relief for less serious offenders and to reduce sentencing disparity." *United States v. Cardenas–Juarez*, 469 F.3d 1331, 1334 (9th Cir.2006) (emphasis in original).[9]

In so holding, the Ninth Circuit cited and followed the decision in *United States v. Duran*, 383 F.Supp.2d 1345 (D.Utah 2005), which discussed in depth the operation of the Guidelines within the safety valve. There, the government argued that the mandatory Guidelines sentencing scheme was preserved for the safety valve provision because *Booker* made no intimations concerning the constitutionality of the mandatory Guidelines within the safety valve. *Id.* at 1346. The court, however, held that to interpret the provision to preserve the mandatory Guidelines "would render it unconstitutional under the Sixth Amendment as interpreted in *Booker*." *Id.* at 1347. Thus, the court held that "[s]o long as the court consults the Guidelines in determining an appropriate sentence, any resulting sentence is 'pursuant to' the Guidelines." *Id.*

An opinion in this district has also considered and followed the reasoning in *Duran*, concluding that given the serious constitutional questions raised by making the Guidelines range mandatory after *Booker*, as regards the safety valve provision, "the guideline range determined under 18 U.S.C. § 3553(f) should be advisory only, and considered along with the other factors of § 3553(a)." *See United States v. Cherry*, 366 F.Supp.2d 372, 376 (E.D.Va. 2005).[10] *Cherry*, and the other cases recounted above, did not, however, answer the specific question that is currently be-

**9.** In *Cardenas–Juarez,* the defendant met the requirements of the safety valve provision, but the district court held that after *Booker* the safety valve was only advisory, and sentenced the defendant to the mandatory minimum sentence. 469 F.3d at 1332. The district court had reasoned that the safety valve provi-

sion made the Guidelines mandatory and as such it was unconstitutional under *Booker.* The Ninth Circuit reversed.

**10.** The defendant's Guidelines range in *Cherry* of thirty (30) to thirty-seven (37) months imprisonment was well below the statutory man-

fore this court, namely whether the defendant's advisory Guidelines range determines if he is even *eligible* for the safety valve, not how the Guidelines operate once eligibility is confirmed.[11] It is to that question that this opinion now turns.

## B.

In cases involving statutory interpretation, the court begins with the plain language of the statute. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Brown & Williamson Tobacco Corp. v. Food & Drug Admin.*, 153 F.3d 155, 162 (4th Cir.1998). The statute states that when the defendant meets the five criteria listed, *"the court shall impose a sentence pursuant to guidelines ... without regard to any statutory minimum sentence."* 18 U.S.C. § 3553(f) (emphasis added). The question then is what "pursuant to the guidelines" means in the context of the statute. Before *Booker*, it most certainly meant that the defendant would be sentenced within the mandatory Guidelines sentencing scheme. However, post-*Booker*, each of the courts to consider this question has held that "pursuant to the guidelines" means that the court should consider the Guidelines under the factors of the sentencing statute, 18 U.S.C. § 3553(a), *but treat them as advisory, not mandatory. See Tanner*, 544 F.3d at 795; *Cardenas–Juarez*, 469 F.3d at 1334; *Duran*, 383 F.Supp.2d at 1347; *Cherry*, 366 F.Supp.2d at 376. To do otherwise would render the

safety valve provision unconstitutional under *Booker*. Accordingly, this court follows the logic of these other courts and the plain language of the statute.

The plain language of the statute says absolutely nothing about any requirement that the defendant's Guidelines be below the mandatory minimum in order for him to be eligible for the safety valve. Indeed, the canon of *expressio unius est exclusio alterius*[12] counsels that because no requirement concerning the defendant's Guidelines range is in the statute, and other prerequisites are expressed, no such requirement exists. *See generally Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 188, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978) (holding that Congress's enumeration of a number of "hardship exemptions" to the Endangered Species Act in the act itself signified that those were the only exemptions to the act Congress intended). In other words, the list of the five requirements in the statute is closed; *no other prerequisite must be met for its provisions to apply.*

Furthermore, for the court to interpret the calculated Guidelines range as binding upon whether the safety valve provision applied would give rise to serious constitutional questions, as mentioned in *Duran* and *Cherry*, which another canon of construction, the avoidance canon, counsels the court to eschew confronting. *See, e.g., Mary Helen Coal Corp. v. Hudson*, 235 F.3d 207, 214 (4th Cir.2000) (citing *NLRB*

datory minimum of five (5) years. *See* 366 F.Supp.2d at 374. Thus the question before the court in *Cherry* was whether a sentence within the Guidelines range is mandatory when the safety valve applies, which is also the question here, except the facts are different. In the case at bar, the defendant's Guidelines range is above the mandatory minimum. *See supra* notes 3 and 7.

**11.** *See supra* note 10. Indeed, *Cherry* adhered to the dictates of *United States v. Leslie*, 46

Fed.Appx. 699, 700 (4th Cir.2002), an unpublished, pre-*Booker* decision which limited the safety valve provision to those defendants whose calculated Guidelines range was below the statutory maximum. *See Cherry*, 366 F.Supp.2d at 375.

**12.** "A canon of construction holding that to express or include one thing implies the exclusion of another, or of the alternative." *Black's Law Dictionary* 602 (7th ed. 1999).

*v. Catholic Bishop of Chicago,* 440 U.S. 490, 500, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979) ("[A]n Act of Congress ought not be construed to violate the Constitution if any other possible construction remains available.")). If the court were to accept the government's argument that the Guidelines must be below the mandatory minimum for the safety valve to apply, for which it cites no case authority or statutory support, the court would be giving mandatory effect to the Guidelines over the safety valve.[13] The court acknowledges that *Booker* itself did not speak to the constitutionality of the safety valve. *Booker,* 543 U.S. at 258–59, 125 S.Ct. 738. However, the Court's reasoning concerning the requirement that the Guidelines be advisory not mandatory is persuasive here. *Id.* at 233, 125 S.Ct. 738 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."). This court finds no reason why a Guidelines sentencing scheme, which the Supreme Court has held *must* be advisory in order to be constitutional, should be mandatory in this one case scenario involving the safety valve. To so hold would be contrary to the rules of statutory interpretation and *Booker,* and, ultimately, contrary to logic and commonsense.

Therefore, this court holds that interpreting the plain language of the safety valve statute with *Booker* and the post-*Booker* case law as guidance, it is apparent that the defendant's Guidelines range does not control whether he is eligible for the safety valve. In other words, the statute commands that the court impose a sentence "pursuant to the guidelines" in the same way that it does so in any sentencing: by being advised by the Guidelines and the Section 3553(a) factors to arrive at sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).[14] Thus, if the safety valve is applicable, the court may sentence below the advisory Guidelines and the mandatory minimum, if the § 3553(a) factors so warrant.

### III.

Given the court's misapplication of the safety valve provision at the initial sentencing, the question is whether a Rule 35 correction of sentence for "clear error" was warranted.

### A.

District courts are authorized to modify previously imposed terms of imprisonment pursuant to the provisions of Rule 35. 18 U.S.C. § 3582(c)(1)(B); *see United States v. Fields,* 552 F.3d 401, 404 (4th Cir.2009) ("Fed.R.Crim.P. 35(a) provides the only authority for the district court to correct or change [a] sentence."). Under Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or *other clear error.*"[15] Fed.R.Crim.P. 35(a) (2010) (em-

13. The case cited by the government for the proposition that after *Booker* there is no authority for the court to depart below the mandatory minimum, *United States v. Robinson,* 404 F.3d 850 (4th Cir.2005), has no relevance to this case because what the court is doing here is not departing but applying the safety valve. *Robinson* did not involve application of the safety valve provision.

14. Section 5C1.2 of the Guidelines provides that "the court shall impose a sentence in accordance with the applicable guidelines" rather than "pursuant to the guidelines" as in Section 3553(f). U.S.S.G. § 5C1.2 (2010). This minor change in phraseology has no effect on the court's interpretation of the safety valve because the two phrases mean basically the same.

15. The court complied with the time limit of Rule 35 by correcting the defendant's sentence thirteen days after his initial sentencing hearing.

phasis added). The Fourth Circuit has held that a district court has the "the inherent power" to *sua sponte* "correct an acknowledged and obvious mistake," and thus need not have a motion of the parties to do so. *United States v. Cook,* 890 F.2d 672, 675 (4th Cir.1989).

The Fourth Circuit has set narrow boundaries within which district courts may correct sentences for clear error. *See, e.g., Fields,* 552 F.3d at 404 ("[T]he scope of 'clear error' correctable under Rule 35(a) is extremely narrow.") (citing Fed.R.Crim.P. 35(a), advisory committee's note ("The authority to correct a sentence under [Rule 35(a) ] is intended to be very narrow and to extend only to. errors which would almost certainly result in a remand of the case.")); *United States v. Ward,* 171 F.3d 188, 191 (4th Cir.1999) (clear error must be "errors which would almost certainly result in a remand of the case to the trial court" (citation and internal quotation marks omitted)). In a case similar to the one before this court, *United States v. Cook,* the Fourth Circuit affirmed the district court's correction of the defendant's sentence under Rule 35. There, the judge stated at sentencing that he intended to sentence under the third option of section 5C2.1(c) of the Guidelines, but "subsequently realized that he had incorrectly interpreted" that provision and *sua sponte* issued an amended judgment and sentencing· order. *Cook,* 890 F.2d at 674. The Fourth Circuit affirmed, holding that it is clear error "where the district court states that a particular kind of sentence is to be imposed and then imposes a different sentence solely because of an acknowledged misinterpretation of the pertinent guidelines section." *Id.* at 675; *see also United States v. Clay,* 627 F.3d 959, 964 (4th

Cir.2010) (improper calculation of Guidelines is reversible error).[16] *See generally United States v. Slade* 631 F.3d 185, 191–92 (4th Cir.2011) (improper imposition of Guidelines enhancement constitutes "plain error").[17]

The Fourth Circuit has not, however, addressed whether a misapplication of the safety valve constitutes clear error. Two other circuits have addressed this issue, reaching differing conclusions. The Eleventh Circuit, in *United States v. Lett,* 483 F.3d 782 (11th Cir.2007), faced a situation identical to the case here: the mistaken denial of the application of the safety valve to a defendant whose Guidelines range was above the mandatory minimum followed by a Rule 35 correction of that sentence to apply the safety valve. In that case, the district court held, like this court has, that "when all five conditions of § 5C1.2 are satisfied, the Defendant is safety valve eligible and the Court's sentencing discretion is not bounded by a statutory mandatory minimum sentence irrespective of whether the accurately calculated advisory guidelines sentencing range is above or below that mandatory minimum." *Id.* at 786–87. On appeal, the Eleventh Circuit held that a correction of sentence was not warranted because the district court had not committed clear error in its initial sentencing as the sentence was "not illegal, and any error was not of an obvious type." *Id.* at 789. Essential to its finding that the district court had not committed clear error was an admission by the district court, with which the circuit agreed, that the answer to the substantive question concerning the safety valve was not clear. *Id.* The Eleventh Circuit thus reversed and remanded

---

**16.** While the holding in *Cook* was "a very narrow one," 890 F.2d at 675, and limited to the "specific circumstances presented," *id.* at 676, it provides guidance in the case at bar.

**17.** *Slade* was just recently decided, after the correction of sentence hearing, but it does provide general material related to the proposition at issue.

the case with instructions that the initial sentence be imposed. *Id.* at 791.

The Sixth Circuit came to the opposite conclusion in *United States v. Branch,* 537 F.3d 582 (6th Cir.2008). In that case, the Sixth Circuit held that it was clear error, and thus correctable error under Rule 35, for the district court to mistakenly apply the safety valve to a defendant who did not meet the five statutory criteria because he had more than one criminal history point. *Id.* at 595–96. The Sixth Circuit thus affirmed the district court's corrected judgment, because it was well-settled that a defendant may have no more than one criminal history point under the statute.

**B.**

For the reasons set forth, this court declines to follow *Lett,* and instead looks to the prior Fourth Circuit precedent in *Cook* and the other cases concerning the safety valve,[18] as well as the Sixth Circuit's decision in *Branch.* Regarding *Branch,* the court held that application of the safety valve to an individual who did not qualify was clear error. As regards *Cook,* the court corrected "an acknowledged misinterpretation of the pertinent guidelines section." *Cook,* 890 F.2d at 675.[19] Here, the court clearly conveyed its intention to impose a sentence conforming to the safety valve provision, 18 U.S.C. § 3553(f), but then imposed a statutory mandatory minimum sentence solely because of the court's misinterpretation, and resulting misapplication, of the effect of the Guidelines sentence calculation on the operation of the statutory safety valve.[20] *See Ward,* 171 F.3d at 191 (finding that if "the district court's first imposition of sentence was based on a misperception of the governing law," then the court is "authorized to correct the sentence previously given").

Additionally, this case is different from another of the Fourth Circuit's decisions limiting the reach of Rule 35. In *United States v. Fields,* the Fourth Circuit held that the district court's failure to impose a fine at resentencing was not clear error correctable under Rule 35 because the district court was not required to impose a fine. *Fields,* 552 F.3d at 404 (citing, *inter alia, Ward,* 171 F.3d at 191). By contrast, here the court found the defendant met the requirements for the application of the safety valve, but, in violation of 18 U.S.C. § 3553(f), nonetheless imposed a sentence that took account of the statutory mandatory minimum sentence. It is reversible error to impose a

---

18. *See supra* Section II.A. Moreover, this court is operating with the benefit of almost six years of case law since the decision in *Booker.* By contrast, the district court's decision in *Lett* occurred a little over a year after the *Booker* decision. This time difference is important because it demonstrates how the error in this case was clear as case law developed, while in an analogous situation it was not. Specifically, decisions of the federal courts that have confronted the issue of *Booker*'s effect on the safety valve provision uniformly have held that the Guidelines are only advisory as concerns the provision. *See supra* Section II.A. Thus, this court was not hampered by a lack of precedent and case law from other courts to guide its interpretation of the statute and thereby committed "clear error" at the initial sentencing.

19. The safety valve is statutory, but that does not change the applicability of *Cook.* Moreover, the safety valve is incorporated in section 5C1.2 of the Guidelines. *See supra* note 14 and accompanying text.

20. *See* Tr. at 20 ("But I can't go below the statutory minimum, unless his guidelines are below the statutory minimum."); *id.* at 27 ("Here, I am restricted by the mandatory minimum sentence of 120 months. Normally the guidelines would be advisory. They are higher than the mandatory minimum, 121 to 151 months.... [M]andatory minimums are in effect."); *id.* at 28 ("The court is bound by the law. Frankly, I have to tell you I would like to give you a lesser sentence, but I can't do that legally. So I do impose the 120 month mandatory minimum sentence.").

sentence that results from a failure to give effect to the safety valve, *as imposition of the safety valve is mandatory if the defendant qualifies.* *United States v. Beltran–Ortiz,* 91 F.3d 665, 667 n. 1 (4th Cir.1996); *see also United States v. Moreno,* 67 Fed. Appx. 161, 162 (4th Cir.2003) (remanding the case for resentencing for failure to apply the safety valve); *cf. United States v. Wilder,* 153 Fed.Appx. 140, 143–44 (4th Cir.2005) (holding that district court was required to determine whether the defendant met the safety valve provisions). This remains settled law, while the Guidelines are now advisory post-*Booker.*

In sum, the court must apply the safety valve to the defendant if he qualifies, thereby relieving him of the statutory requirement of a mandatory minimum sentence. The court is then not required to go below the mandatory minimum sentence, or adhere to the advisory Guidelines, in sentencing the defendant under 18 U.S.C. § 3553(a), as long as the court properly recognizes the legal effect of both. The court thus clearly erred in determining that the mandatory minimum was the required sentence when the defendant qualified for the safety valve but his Guidelines range exceeded the mandatory minimum. This error was a clear and acknowledged mistake, one which was rightfully corrected under Rule 35.