**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30350 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30058-PA-4 |
| v. | |
| JESUS HUMBERTO SOTO-VALENCIA, AKA Jesus Soto-Valencia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted November 5, 2012
Portland, Oregon

Before: ALARCÓN, McKEOWN, and NGUYEN, Circuit Judges.

Jesus Soto-Valencia appeals his conviction by conditional guilty plea and

sentence for conspiracy to manufacture 1000 or more marijuana plants in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and § 846. He contends that the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court erred by denying his motion to suppress and finding him ineligible for safety-valve relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soto-Valencia's voluntary decision to stop his vehicle and converse with Officer Thomas for the first 30 seconds or so of the encounter did not implicate the Fourth Amendment. *See United States v. Al Nasser*, 555 F.3d 722, 726 (9th Cir. 2009). Thereafter, in light of the totality of the circumstances, Thomas had reasonable suspicion to detain Soto-Valencia to check his identification. *See United States v. Christian*, 356 F.3d 1103, 1106 (9th Cir. 2004). Thomas encountered Soto-Valencia driving miles past a road closure sign in an area of suspected marijuana grow operations, was told an implausible story about a camping trip, observed the vehicle occupants' scared demeanor and inappropriately heavy clothing, and knew from an intelligence briefing that drug trafficking organizations were bringing groups of Hispanic males into the area to staff the grow operations. *Cf., e.g.*, *United States v. Baron*, 94 F.3d 1312, 1319 (9th Cir. 1996), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc).

Upon learning from Soto-Valencia's identification card that he was likely connected to an individual who had been arrested earlier that day in the suspected grow area, Thomas had an additional ground to suspect that Soto-Valencia was

2

involved in the marijuana operation. It is reasonable to conduct further investigations "based on facts learned and observations made" during the course of an otherwise lawful stop. *United States v. Turvin*, 517 F.3d 1097, 1102 (9th Cir. 2008).

That Soto-Valencia's vehicle was not included on Thomas's "probable cause sheets" is of no moment. There were only two vehicles listed on the sheets, and although officers had already stopped both and arrested their occupants, Thomas suspected from the intelligence briefing that there were many persons in various locations throughout the national forest who were growing marijuana. Likewise, Thomas's observation that Soto-Valencia and his companions did not "stink of weed" did not diminish the reasonableness of his suspicion. Soto-Valencia was heading *into* the suspected marijuana grow area and had no obvious reason to transport marijuana in that direction.

The stop's scope and duration were also reasonable. Soto-Valencia and his companions remained in their car until their arrest, and Thomas did no more than check Soto-Valencia's identification and ask a few questions relevant to the investigation. The investigatory stop lasted no more than 23 minutes—a reasonable time given the language barrier, the other vehicle that Thomas was already dealing with, and the fact that the Forest Service officers with whom

3

Thomas needed to communicate were already busy interrogating and processing the arrestees from earlier in the day. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985).

Soto-Valencia also challenges the district court's finding at sentencing that he did not qualify for safety-valve relief because he was an organizer, leader, manager, or supervisor of others in the criminal activity. *See* 18 U.S.C. § 3553(f)(4); U.S. Sentencing Guidelines Manual § 5C1.2(a)(4). Soto-Valencia helped recruit persons to work at the grow sites, purchased supplies for them, transported them to work, and expected to earn a share of the overall marijuana yield rather than—as did the workers at the grow sites—a daily payment. In light of this evidence, the district court did not clearly err in finding that Soto-Valencia was, to some extent, responsible for organizing others to carry out the grow operation. Consequently, the court did not abuse its discretion in ruling Soto-Valencia ineligible for safety-valve relief. *See United States v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003) (quoting *United States v. Harper*, 33 F.3d 1143, 1151 (9th Cir. 1994)).

The record contradicts Soto-Valencia's contention that the district court believed it would be unjust to withhold application of the safety valve in his case. Even if he were correct, however, the court had no discretion to sentence him

4

below the mandatory minimum once it found that Soto-Valencia failed to meet one of the requirements for safety-valve eligibility. *See United States v. Cardenas-Juarez*, 469 F.3d 1331, 1334 (9th Cir. 2006); *see also United States v. Biao Huang*, 687 F.3d 1197, 1203 (9th Cir. 2012).

Soto-Valencia's remaining arguments relate to the purported tension between 18 U.S.C. § 3553(a)—which requires a district court to "impose a sentence sufficient, but not greater than necessary" and to consider various case-specific factors, including "the need to avoid unwarranted sentence disparities" among similarly situated defendants—and § 3553(f) insofar as it establishes fixed criteria for avoiding the application of a statutory minimum sentence. We have previously considered and rejected this line of attack. *See United States v. Wipf*, 620 F.3d 1168, 1170–71 (9th Cir. 2010). Moreover, the district court *did* consider the § 3553(a) factors and concluded that the ten-year sentence would be appropriate even without the mandatory minimum.

**AFFIRMED.**