999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel (NMI) Garcia, Defendant-Appellant.
 No. 92-50675.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Garcia appeals his 210-month sentence imposed following entry of a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Garcia contends that the district court abused its discretion by denying his request for a one-week continuance so that he could be sentenced under the 1992 Amendments to the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's decision to deny a continuance for clear abuse of discretion. United States v. Lewis, 991 F.2d 524, 528 (9th Cir.1993). The district court clearly abuses its discretion only where the denial of the continuance was "arbitrary or unreasonable." United States v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir.1991). Actual prejudice must be shown before denial of a continuance will be reversed. Lewis, 991 F.2d at 528.
 
 
 4
 To determine if the denial of a continuance was fair and reasonable, several factors must be considered: " 'whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant.' " United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992) (quoting United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986)). We have upheld the denial of continuances even where the defendant argued that he had additional evidence to present at sentencing. See, e.g., Lewis, 991 F.2d at 528-29 (request for continuance in order to allow defendant to question former counsel as to his competence in earlier guilty pleas properly denied where defendant made no showing of what he expected former counsel to reveal); United States v. Bos, 917 F.2d 1178, 1183 (9th Cir.1990) (request of continuance of sentencing hearing to allow psychiatric examination of defendant properly denied where no substantial information indicated need for psychiatric evaluation).
 
 
 5
 Here, Garcia requested a one-week continuance so that he could be sentenced under the November 1, 1992 Amendments to the Guidelines and therefore be eligible for the 3-level adjustment for acceptance of responsibility.[1] The purpose of the requested continuance was not to provide him with an opportunity to produce additional evidence at sentencing, but simply to entitle Garcia to a better sentence under the new Amendments to the Guidelines.
 
 
 6
 Granting a continuance on this basis would greatly inconvenience a district court's ability to impose sentence as defendants would repeatedly seek continuances and cause delays upon learning of Amendments to the Guidelines that may benefit the defendant but are yet to take effect. See Robinson, 967 F.2d at 291 (continuance properly denied where further delay would inconvenience the court, government, and witnesses). In addition, we hold that the opportunity for a better sentence under a new Amendment to the Guidelines is not a legitimate reason to request a continuance. Finally, Garcia suffered no actual prejudice from the denial of the continuance because he was not entitled to be sentenced under the new Amendment. See United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 443 (1992) (district court is to sentence defendant under the Guidelines in effect on the date of sentencing).
 
 
 7
 Accordingly, the district court did not abuse its discretion by denying the continuance. See Lewis, 991 F.2d at 528.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garcia appeared before the district court for sentencing on October 26, 1992, five days before the November 1, 1992 Amendments to the Guidelines were to take effect. The Guidelines were amended to include a 3-level adjustment under certain circumstances for acceptance of responsibility. See U.S.S.G. § 3E1.1(b) (Nov. 1992)