

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# USA v. Briceno-Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Briceno-Rodriguez" (2002). *2002 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2609

_____

UNITED STATES OF AMERICA

v.

JESUS BRICENO-RODRIGUEZ
a/k/a
J.J. BRICENO-RODRIGUEZ

Jesus Briceno Rodriguez,
                                        Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00474
District Judge:  The Honorable Ronald L. Buckwalter

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002

_____

Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed: September 30, 2002)

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

Jesus Briceno-Rodriguez seeks to have his sentence vacated and his case remanded for resentencing, arguing that his counsel was ineffective. Ordinarily, a claim of ineffective assistance of counsel is brought in a collateral proceeding because additional fact-finding is required and that is best left to the district courts. <u>United States v. Headley</u>, 923 F.2d 1079, 1083 (3d Cir. 1991). When, however, the record is sufficiently complete that this Court can evaluate counsel's performance without the need for further fact-finding, as the parties agree that it is, we can entertain such a challenge. <u>Id.</u> We will do so here.

The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is proper under 28 U.S.C. § 1291. We will affirm.

## I.

Jesus Briceno-Rodriguez, forty-two and the father of four, is a native and citizen of Mexico, and was a legal permanent resident of the United States until he was deported in March 1998. The deportation resulted from his plea of guilty in February 1995 to two drug offenses (conspiracy to deliver marijuana in May 1993 and delivery of marijuana in August 1993). In July of 1995, Briceno-Rodriguez received a six to twenty-three month sentence on each offense, to be served concurrently, and was paroled the same day, apparently having served approximately six months.

In August 2000, as the result of an anonymous tip, Briceno-Rodriguez was arrested

2

in Reading, Pennsylvania, for having re-entered the United States illegally, in violation of 8 U.S.C. § 1326. He pled guilty to a one-count indictment in October 2000 and was sentenced in June 2001. His base offense level of 8, under U.S.S.G. § 2L1.2 (2000) (amended Nov. 1, 2001), was increased by 16 levels based on his previous state convictions for "aggravated felon[ies]." Id. § 2L1.2(b)(1)(A). He received a 3-level reduction for acceptance of responsibility, bringing the total offense level to 21. His criminal history category of II yielded a guideline imprisonment range of 41-51 months. Although the District Court rejected a motion for a downward departure based on Briceno-Rodriguez's extraordinary family circumstances, it sentenced him to the low end of the range, 41 months.

Briceno-Rodriguez filed a timely notice of appeal, arguing that his counsel rendered ineffective assistance at sentencing, resulting in a substantially higher sentence than he deserved. We use the well-established Strickland standard in assessing claims of ineffective assistance: (1) whether counsel's performance was deficient, i.e., outside the "wide range" of professional competence, and (2) whether that deficiency resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).

## II.

Briceno-Rodriguez argues, first, that counsel was ineffective for failing to request a continuance of the sentencing date until November 1, 2001, the date on which an

3

amendment to U.S.S.G. § 2L1.2 was to become effective.[1]  The proposed amendment to §

2L1.2, he continues, demonstrated an intent to grade prior offenses and, thus, his

enhancement would have been less than it was.  Relatedly, he argues that, the issue of a

continuance aside, counsel "should have asked for a downward departure of 4 levels using

the pending amendment to 2L1.2 as the basis."

Briceno-Rodriguez's latter argument is foreclosed: we have explicitly held that

"proposed amendments to the Sentencing Guidelines do not provide independent legal

authority for a downward departure."  United States v. Morelli, 169 F.3d 798, 809 n.13 (3d

Cir. 1999).  Thus, counsel could not have been acting unreasonably in not "using the

pending amendment to 2L1.2 as the basis" for a downward departure motion under § 5K2.0.

His first argument is similarly unavailing.  The proposed amendment was just that – a

proposed amendment.  On May 1, 2001, the Sentencing Commission forwarded a number

of proposed amendments, including that to § 2L1.2, to Congress for its approval; Congress

then had until October 31 of that year to take action on the proposals.  See 28 U.S.C. §

994(p).  There was no guarantee that Congress would approve the amendment, and, without

more, we will not hold counsel accountable simply because Congress in fact did so.

Even if counsel should have requested a continuance to see what Congress would do,

Briceno-Rodriguez was not prejudiced by the fact that counsel did not do so.  First, the

---

[1]On March 7, 2001, counsel requested a continuance of 90 days to see whether the Sentencing Commission was going to change the applicable guidelines.  Given that Briceno-Rodriguez was not sentenced until more than 90 days later, this request was, at least in effect, granted.  No further request for a continuance was made.

amendment to § 2L1.2 is not to be applied retroactively. See U.S.S.G. § 1B1.10(c).

Second, Briceno-Rodriguez would not qualify for a lower sentence even under the amended § 2L1.2. Under the amendment, a sixteen level enhancement is still applied to a defendant who had been deported following "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months." § 2L1.2(b)(1)(A)(i).[2] Briceno-Rodriguez's previous state convictions for marijuana-related offenses resulted in sentences of six to twenty-three months. See PIR at ¶¶ 30-31. Such indeterminate sentences are functionally equivalent to sentences at the maximum of that range, i.e., twenty-three months. See Bokvun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002). Thus, the "sentence imposed" exceeded thirteen months, and Briceno-Rodriguez would still receive a sixteen-level enhancement. He, thus, suffered no prejudice, even had counsel successfully moved for a continuance until after the amended § 2L1.2 took effect.

_____

[2]Application Note 1(A)(iv) to § 2L1.2 qualifies the "sentence imposed" term as follows: "If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated suspended, deferred, or stayed." "Paroled" is not included in this list.

## III.

Finally, Briceno-Rodriguez argues that counsel was ineffective because Application Note 5 to the version of § 2L1.2 in effect at the time of sentencing provided for a downward departure, but counsel made no such motion.

Application Note 5 read as follows:

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) [providing for 16 level increase for aggravated felony] vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

U.S.S.G. § 2L1.2, comment. (n.5) (2000). Without more, Briceno-Rodriguez's challenge is defeated by his concession that he "technically has two prior convictions for 'aggravated felonies'" (emphasis added). The Application Note is applicable only if a defendant has but one conviction. Again, counsel could not be deficient in failing to raise a frivolous argument.

## IV.

The judgment and sentence of the District Court will be affirmed.

6

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ MaryAnne Trump Barry
Circuit Judge