# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 07-1801, 07-2251, 07-2596

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ARTHIA LAMONT TANNER,
LARRY SCOTT, and LANCE FOSTER,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Indiana, Hammond Division.
Nos. 2:04 CR 80-05, 80-11, 80-07—**Rudy Lozano**, *Judge.*

ARGUED AUGUST 5, 2008—DECIDED SEPTEMBER 12, 2008

Before POSNER, COFFEY, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendants were convicted of federal drug and gun crimes, and appeal. Only Foster's appeal need be considered; his codefendants' appeals are frivolous, as pointed out in the *Anders* briefs filed by their lawyers, and are hereby dismissed.

Foster was given the minimum sentence that Congress has directed be imposed on a person who, having a

previous felony drug conviction, distributes crack cocaine—20 years. 21 U.S.C. § 841(b)(1)(A). He challenges the district judge's failure to delay the sentencing hearing for five months, until the 2007 version of the federal sentencing guidelines went into effect. Under the version in effect when Foster was sentenced, a previous sentence that he had received—a sentence of one year's probation for reckless driving—was counted in his criminal history score. U.S.S.G. § 4A1.2(c)(1). Under the same provision of the guidelines as revised in 2007, that sentence, because it did not exceed (rather than being at least) one year, would not have counted. Had he been sentenced under the later guideline, he would still have been subject to the 20-year statutory minimum sentence because of his prior drug conviction, but because he would have had only one prior conviction in his criminal history he would have been eligible for "safety valve" relief under 18 U.S.C. § 3553(f). See *id*., § 3553(f)(1). The safety-valve provision removes the statutory minimum as a constraint on the sentencing judge and directs him to impose the sentence that the sentencing guidelines prescribe, which in Foster's case would be a sentence of between 97 and 121 months. See U.S.S.G. §§ 2D1.1(c), 2D1.1(b)(11), Ch. 5, Pt. A. Under the regime of *Booker*, the judge is to treat the guidelines as only advisory even in a safety-valve case. *United States v. Quirante*, 486 F.3d 1273, 1276 (11th Cir. 2007); *United States v. Cardenas-Juarez*, 469 F.3d 1331, 1334 (9th Cir. 2006). But he cannot treat as advisory the guideline provisions that are preconditions for safety-valve relief, namely 18 U.S.C. §§ 3553(f)(1) and (4). *United States v. Hernandez-Castro*, 473 F.3d 1004, 1007

(9th Cir. 2007); *United States v. McKoy*, 452 F.3d 234, 239 (3d Cir. 2006); *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006) (per curiam). And it is section 3553(f)(1) that conditions safety-valve relief on the defendant's having no more than one conviction in his criminal history.

Foster acknowledges that the decision whether to delay a sentencing hearing is discretionary, but points out that a discretionary ruling that is infected by material error cannot stand. The district judge did commit an error; he thought that because of the statutory minimum sentence it could make no difference whether the reckless-driving conviction was included in Foster's criminal history score; we have just seen that it could make a difference.

The government makes a number of arguments for why we should overlook the judge's error, but misses the main one. The decision to grant or deny a continuance (the conventional term for an interim delay in a litigation) is a management tool. *Morris v. Slappy,* 461 U.S. 1, 11-12 (1983); *United States v. Tingle*, 183 F.3d 719, 723 (7th Cir. 1999); *United States v. Correia,* 531 F.2d 1095, 1098 (1st Cir. 1976). It can have substantive consequences, as this case illustrates: the guidelines (and the Sentencing Reform Act itself) direct the judge to calculate the guidelines sentence on the basis of the version of the guidelines that is in force at sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11. The judge can usually give a different sentence (though not in this case), but the required starting point of his analysis—namely the guidelines range, *Gall v. United States*, 128 S.Ct. 586, 596 (2007)—is the range calculated on the basis of the guidelines in force when sen-

tence was imposed, not an earlier set of guidelines. *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008); *United States v. Vicol*, 514 F.3d 559, 561-62 (6th Cir. 2008).

Sentencing judges can properly grant continuances to await clarification of the law, e.g., *United States v. Brown*, No. 00-CR-939, 2004 WL 1879949, at *1 (N.D. Ill. Aug. 18, 2004), or, what is analytically similar, if an impending change in law would require modification of a judgment entered on the basis of the law currently in force. *Hallstrom v. City of Rockford*, 157 N.E.2d 23, 25 (Ill. 1959); *Lanning v. Sprague*, 227 P.2d 347, 349 (Idaho 1951); *Kemp v. Day & Zimmerman, Inc.*, 33 N.W.2d 569, 582-85 (Iowa 1948). These are examples of continuances designed to promote efficient case management. The only case that Foster cites for the propriety of a "substantive" continuance, *United States v. Madrigal*, 327 F.3d 738 (8th Cir. 2003), does not support his position (the actual holding of *Madrigal* is inconsistent with our decision in *United States v. Alvarado*, 326 F.3d 857, 862 (7th Cir. 2003), but that is of no moment in this case). *Madrigal* is about the propriety of granting a continuance to allow a defendant more time to make the proffer required for safety-valve relief (see 18 U.S.C. § 3553(f)(5)) when his earlier failure to do so was excusable. It has nothing to do with a judge's wanting to make a different law apply by postponing sentencing.

It is improper for a judge to grant (or deny) a continuance for the very purpose of changing the substantive law applicable to the case. We cannot find a reported federal appellate decision that addresses the question, but an unreported one, *United States v. Garcia*, No. 92-50675,

1993 WL 263459 (9th Cir. July 13, 1993) (per curiam), notes that "the opportunity for a better sentence under a new Amendment to the Guidelines is not a legitimate reason to request a continuance." *Id*. at *1. The court added that "granting a continuance on this basis would greatly inconvenience a district court's ability to impose sentence as defendants would repeatedly seek continuances and cause delays upon learning of Amendments to the Guidelines that may benefit the defendant but are yet to take effect." *Id*. And in *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995), overruled on other grounds in *United States v. Flowers*, 464 F.3d 1127, 1130 n. 1 (10th Cir. 2006), the court said that "we can foresee defendant's theory [that a continuance can be granted in order to enable a defendant to take advantage of a foreseeable change in the law] creating an ominous situation in which every attorney whose client faces sentencing would attempt to delay sentencing each time lawmakers debate a new statute or amendment. This is an outcome that we cannot allow." See also *United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir. 1998).

*Kolman v. Kolman*, 58 F.R.D. 632, 633 (W.D. Pa. 1973), is consistent with *Garcia*, but another district court decision is not, though it contains no discussion of the issue. *United States v. Singh*, No. 93-CR-931, 1994 WL 510053, at *1 (S.D.N.Y. Sept. 16, 1994), affirmed on unrelated grounds, No. 94-1699, 1995 WL 595548 (2d Cir. Sept. 21, 1995). In a few cases, a defendant has argued that his lawyer rendered ineffective assistance by failing to seek a continuance to await the effective date of a more favorable guideline and the courts of appeals, while not finding ineffec-

tive assistance, did not question (nor, for that matter, confirm) the district court's authority to grant such a continuance. *United States v. Prince*, 110 F.3d 921, 926 (2d Cir. 1997); *United States v. Briceno-Rodriguez*, 47 Fed. Appx. 167, 169-70 (3d Cir. 2002); cf. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1185 (10th Cir. 2003). In two otherwise similar cases, however, *United States v. Flores-Ochoa*, *supra*, and *United States v. Gonzalez-Lerma*, *supra*, the court, as we have noted, did question the propriety of such a continuance; and in *Prince* it appears that the district judge thought such a continuance improper. 110 F.3d at 926.

A sentencing judge cannot rightly say, "I do not like the current guidelines, so I am continuing the sentencing hearing in the hope and expectation (in this case, the certainty) that they will change." Or: "Ordinarily I would grant a continuance, but I won't do so in this case because I prefer the current guidelines to those about to take effect." In cases in which the guidelines are purely advisory, the judge can regard or disregard them whether or not they are currently in force. That is the usual case but not the present one, since unless the sentencing was delayed the defendant would be ineligible for safety-valve relief and would thus be subject to a statutory sentence floor. But the point is general: the power to grant or deny a continuance is abused when it is exercised not in order to manage a proceeding efficiently but in order to change the substantive principles applicable to a case. That would be like the judge's trying to change the effective date of a statute because he liked, or disliked, how the statute had changed the existing law.

Furthermore, the Sentencing Commission, not the courts, has been given the authority to decide whether to make a guidelines change prospective or retroactive. The sentencing judge can shorten the prison term to which he has sentenced a defendant because the Commission reduced the sentencing range after sentence was imposed only if the Commission has issued a policy statement authorizing such retroactive application of its guidelines change. 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(a)(2)(C). The Commission has not authorized such application with respect to the guidelines amendment that Foster wants to be sentenced under. U.S.S.G. § 1B.10(c). He wants the district judge to countermand the Commission's choice by waiting until a change intended by the Commission to be prospective has become retroactive by virtue of the passage of time. That would usurp the authority that Congress has given the Commission.

And while a sentencing judge is to use the guidelines in force at sentencing, when a case is remanded for resentencing he is to use the guidelines that were in force at the time of the original sentencing, even if they have changed in the meantime, 18 U.S.C. § 3742(g)(1). This is further evidence that judges are not supposed to be the ones who decide which guideline amendments apply to old cases.

Procedural and evidentiary rules generally take effect when promulgated, with full application to pending as well as future cases, sometimes with outcome-determinative effect. A judge could not properly delay the beginning of a trial because he thought a rule about to come into

effect would make it easier (or harder) for the plaintiff to prove damages, though he could delay the trial because the new rule would shorten the trial. It is especially improper for a judge to delay sentencing because he wants to give the defendant a lighter (or a heavier) sentence than the current law permits, for "the court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). The judge's error in thinking that it made no difference when Foster was sentenced was therefore harmless, because to grant a continuance on the ground sought by Foster would have been an abuse of discretion.

A further wrinkle deserves consideration. A codefendant of Foster, though convicted on the same day as he, had as a result of obtaining continuances not yet been sentenced when the new guideline took effect. Had he been facing the statutory minimum sentence before then, therefore, he would have been eligible for safety-valve relief. But there is no indication that he was facing such a sentence—in fact it appears that he had no criminal record at all, Andy Grimm, "Ex-Boxer Guilty on Drug Rap," *Merrillville Post-Tribune*, Nov. 7, 2006, p. A1—or that if he was facing such a sentence the new guideline would help him.

But imagine a case in which two defendants are identically circumstanced, one receives a continuance based on proper case-management concerns and as a result will be eligible for safety-valve relief when sentenced and the other seeks a continuance on the ground that to deny him such relief would create an irrational disparity in punishment. Our analysis would not bar the sentencing

judge from granting a continuance on this ground. For it would be a matter not of the judge's preferring the new guideline to the old one but of his wanting to avoid creating an arbitrary punishment differential, and that is a proper consideration for a sentencing judge. 18 U.S.C. § 3553(a)(6). This is not such a case, however, so the judgment in Foster's case is

AFFIRMED.