# United States Court of Appeals
## For the First Circuit

No. 08-1089

UNITED STATES,

Appellee,

v.

LUIS ZAYAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Boudin, Selya and Lipez,
Circuit Judges.

Cynthia A. Young, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on motion for summary disposition.
Robert B. Mann and Mann and Mitchell on brief for appellant.

June 8, 2009

**Per Curiam**. Luis Zayas appeals from the statutory mandatory minimum sentence of 120 months that was imposed following his guilty plea to possession with intent to distribute and conspiracy to possess with intent to distribute and to distribute fifty or more grams of cocaine base. He challenges the sentencing court's determination that he was an "organizer, leader, manager, or supervisor," warranting a two-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(c), and precluding safety-valve relief pursuant to 18 U.S.C. § 3553(f)(4). The government has moved for summary affirmance. Only the sufficiency of the evidence claim was raised at sentencing; as to all of appellant's other claims, plain error review applies. For the following reasons, we grant the government's motion and summarily affirm Zayas's sentence.

## I. Judicial Factfinding Re: Safety-Valve Eligibility

Zayas relies upon Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007), to argue that the district court was prohibited by the Sixth Amendment from making factual findings that rendered him ineligible for safety-valve relief by a preponderance of the evidence. Zayas concedes that this court's decision in United States v. Bermudez, 407 F.3d 536 (1st Cir. 2005) is on point; that opinion held under similar circumstances that Blakely was not implicated when judge-found facts precluded

-2-

application of the safety-valve to authorize a lower sentence. Id. at 545.

Zayas's argument is that Bermudez was decided before the Supreme Court issued its decision in Cunningham, and is no longer good law after Cunningham. Specifically, Zayas contends that the role-in-the-offense factfinding by the sentencing court had the effect of increasing the "statutory maximum," as that term is defined in Cunningham, 549 U.S. at 275.

Zayas's reliance on Cunningham is misplaced. The Court held there that California's determinate sentencing law "by placing sentence-**elevating** factfinding within the judge's province," violated the defendant's Sixth Amendment right to jury trial, following Apprendi, Blakely and United States v. Booker, 543 U.S. 220 (2005). Cunningham, 549 U.S. at 274 (emphasis added). The Cunningham Court applied the definition of statutory maximum articulated in Blakely, 542 U.S. at 303-304:

> "[T]he relevant 'statutory maximum,'" this Court has clarified, "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Blakely, 542 U.S., at 303-304 (emphasis in original).

Cunningham, 549 U.S. at 275.

In Zayas's case, the statutory maximum sentence that he could receive based solely upon his guilty plea to counts 1 and 4, which specified drug quantities of fifty or more grams of cocaine

-3-

base, was life in prison and the minimum was ten years. See 21 U.S.C. § 841(b)(iii). Therefore, using the definition employed in Cunningham, the relevant "statutory maximum" was a life sentence. Clearly, no judicial factfinding resulted in imposition of a sentence above that level. To the contrary, judicial factfinding regarding Zayas's role in the offense resulted in his receiving the statutory minimum sentence.

Before and after Cunningham, refusal to reduce a statutory sentence based on judicial factfinding does not violate the Sixth Amendment. Bermudez, 407 F.3d at 545. There was no error in the sentencing court's reliance upon judicial factfinding in determining that Zayas was ineligible for safety-valve relief.

## II. Mandatory Application of Safety-Valve Criteria after Booker

Zayas argues that the district court erred in concluding that it did not have the authority to sentence him below the mandatory minimum sentence because he did not satisfy all the safety-valve factors. He contends that because the safety-valve requirements reference the guidelines and Booker made the guidelines advisory, then the safety-valve requirements are also advisory. That argument has been rejected by all the courts of appeals that have considered it. See, e.g., United States v. Tanner, 544 F.3d 793, 795 (7th Cir. 2008) (holding that the sentencing judge "cannot treat as advisory the guideline provisions that are preconditions for safety-valve relief, namely 18 U.S.C. §§

-4-

3553(f)(1) and (4)"); <u>United States</u> v. <u>McKoy</u>, 452 F.3d 234, 240 (3d Cir. 2006) (reasoning that "[i]nterpreting § 3553(f) as advisory would effectively excise that section from the statute," and therefore would be inconsistent with <u>Booker</u>, which left § 3553(f) intact). We agree. Thus, Zayas has failed to demonstrate that the sentencing court erred in treating § 3553(f) as mandatory rather than advisory.

### III. <u>Allocation of Burden re: Safety-Valve Prerequisites</u>

Appellant argues that because the statutory provision, 18 U.S.C. § 3553(f)4), incorporates the sentencing guidelines, the government bears the burden of proof. Under the statute, it is a prerequisite for safety-valve relief that the defendant was not an organizer, leader, or supervisor of others in the offense "as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4). Guideline § 5C1.2(a)(4) employs the same language, and in an application note explains that it "means a defendant who receives an adjustment for an aggravating role under §3B1.1." U.S.S.G. §5C1.1, cmt. (n.5).

"The government bears the burden of proving the legitimacy of an upward role-in-the-offense adjustment by a preponderance of the evidence." <u>United States</u> v. <u>Alicea</u>, 205 F.3d 480, 485 (1st Cir. 2000). However, "the burden of proof rests with the [defendant] to establish the five criteria set out in subsection 3553(f)." <u>United States</u> v. <u>Rodriguez-Ortiz</u>, 455 F.3d

18, 25 (1st Cir. 2006). Therefore, the cross-reference to U.S.S.G. § 3B1.1 creates uncertainty about where the burden lies with respect to the fourth criterion for safety-valve relief.

Zayas concedes that "there was never any objection by the defense with respect to the issue of who had the burden of proof as to the role in the offense." Appellant's Brief, 60. Consequently, plain error review applies. Given that this court has not addressed the issue, and other circuits faced with the issue have declined to resolve it, see, e.g., United States v. Holguin, 436 F.3d 111, 119 (2d Cir. 2006), the district court's placement of the burden upon the defendant for safety-valve purposes was not plain error. In all events, the allocation of the burden does not seem to be a determinative factor in this case. For the reasons discussed below, the record evidence amply supported the sentencing court's finding that, more likely than not, Zayas was an organizer, leader, manager or supervisor.

IV. Sufficient Evidence to Support Role-in-Offense Enhancement

Zayas's final argument is that the evidence, while it supports a finding that he was a significant dealer, does not support a finding that he was an "organizer, leader, manager or supervisor of others in the offense," as this court's case law has defined those guideline terms.

> We review a sentencing court's findings of fact for clear error. We afford de novo review, however, to questions of law involved

in sentencing determinations. A question about whether the evidence is sufficient to support a particular guideline determination is a question of law and, therefore, engenders de novo review.

United States v. Ramos-Paulino, 488 F.3d 459, 463 (1st Cir. 2007). We have defined the requirements for a two-level role-in-the-offense enhancement as follows:

Role-in-the-offense adjustments address concerns of relative responsibility. [A two-level increase] is justified if the sentencing court supportably finds that (1) the criminal enterprise involved at least two complicit participants (of whom the defendant may be counted as one), and (2) the defendant, in committing the offense, exercised control over, organized, or was otherwise responsible for superintending the activities of, at least one of those other persons.

United States v. Cruz, 120 F.3d 1, 3 (1st Cir. 1997)(*en banc*). We have emphasized that "the management of criminal activities (as opposed to the management of criminal actors) may ground an upward departure but not an upward role-in-the-offense adjustment." Ramos-Paulino, 488 F.3d at 464.

The sentencing court stated that it "seems . . . inconceivable on these facts that Mr. Zayas was not an organizer or leader." The sentencing court made specific findings that Zayas was the "source" and "importer" of the drugs involved in the offense; that he intentionally placed some of the drugs in the home of his codefendant; that other individuals were involved in the offense conduct, including someone referred to as "Chino;" and that

-7-

the defendant was delivering drugs to "various people in the Springfield area." But the court did not make a specific finding identifying one or more persons whom Zayas organized or led.

Zayas argues that the record does not contain sufficient evidence to support the finding that he was an organizer, leader, manager or supervisor under U.S.S.G. § 3B1.1(c). Where the district court "did not base the enhancement on specific findings as to whom the defendant may have organized, led, managed, or supervised," our review includes a "search[] [of] the record (including the PSI Report) in an endeavor to identify any such underlings." Id. at 463.

The presentence investigation report (PSI Report) states that Zayas "used two or three individuals to sell his crack cocaine on Allendale Street." That fact is also included in the government's recitation at the change-of-plea hearing of the facts it would prove if the case went to trial. Zayas indicated his agreement with the government's version of the facts. The PSI Report recounted two separate incidents in which the cooperating witness (CW) contacted Zayas to arrange a drug sale and Chino provided the CW with the amount of drugs requested. Zayas did not object to that portion of the PSI Report. The CW gave testimony consistent with the facts contained in the PSI Report at Zayas's trial on count 7. The PSI Report related that the CW saw co-defendant Eddie Matos handing cash to Zayas. From the above, it

easily can be inferred that Chino delivered the drugs to the CW "at [Zayas's] express or implied direction." United States v. Ofray-Campos, 534 F.3d 1, 41 (1st Cir.), cert. denied, 129 S.Ct. 588 (2008). To summarize, the evidence in the record is sufficient to support the sentencing court's two-level role-in-the-offense enhancement. See United States v. Jones, 523 F.3d 31, 43 (1st Cir.) (holding that evidence was sufficient to support § 3B1.1(c) enhancement where Jones "coordinated the actions of a number of drug sellers . . . and determined to a considerable extent when and where they would make deliveries"), cert. denied, 129 S.Ct. 228 (2008); United States v. Soto-Beniquez, 356 F.3d 1, 54(1st Cir. 2003)(upholding two-level enhancement for supervisory role where defendant controlled a drug point and had people "selling for him"); Cruz, 120 F.3d at 4 (holding that defendant's supervision of another person in connection with a single drug transaction provided an adequate basis for § 3B1.1(c) enhancement).

We need go no further. The government's motion is granted and appellant's conviction and sentence are affirmed.