**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2011[*]
Decided April 18, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1602

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:07CR40006-002-JPG |
| DAVID T. MORROW, *Defendant-Appellant.* | J. Phil Gilbert, *Judge*. |

**O R D E R**

A jury found David Morrow guilty of conspiring to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and maintaining a residence for the purpose of distributing crack, *id.* § 856(a)(1). The district court sentenced him to a total of 504 months' imprisonment. Morrow appealed, and we affirmed his convictions but remanded the case for resentencing with instructions to reevaluate the sentencing factors in 18 U.S.C. § 3553(a)

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and to include Morrow's health problems in that analysis. *United States v. Harris*, 567 F.3d 846, 854-56 (7th Cir. 2009).

On remand the district court imposed the same sentence. The court again found that Morrow was responsible for more than 4.5 kilograms of crack, resulting in a base offense level of 38, *see* U.S.S.G. § 2D1.1(c)(1) (2007), and again applied a 2-level upward adjustment for possession of a dangerous weapon, *see id.* § 2D1.1(b)(1). The court also added 4 levels (instead of the 2 levels assessed previously) after finding that Morrow was a leader of the extensive conspiracy. *See id.* § 3B1.1(a). Morrow's total offense level of 44 and criminal history category of VI yielded a guidelines range of life imprisonment. The court considered Morrow's health complications: his diabetes had worsened, he had lost one leg already and faced amputation of the other, and he soon would begin dialysis. Still, the court reasoned, Morrow's extensive history of drug convictions and the large amount of crack connected with the conspiracy necessitated "a severe sentence."

Morrow, now pro se, appeals once more. He does not, however, challenge the district court's analysis of the sentencing factors in § 3553(a), and we are satisfied that the court adequately addressed our concerns on remand. Rather, the vast majority of Morrow's submission relates only to matters surrounding his convictions. But these issues could have been raised in his first appeal, so they fall outside the scope of our review. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002).

Morrow's arguments about his resentencing are without merit. He contends that the district court was not fair and impartial because the court imposed the same sentence. Such speculation, however, is insufficient to rebut the presumption of impartiality afforded to judges. *See Liteky v. United States*, 510 U.S. 540, 551 (1994); *Montgomery v. Uchtman*, 426 F.3d 905, 910-11 (7th Cir. 2005); *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). Morrow also argues that the court erred by applying upward adjustments based on facts proven only by a preponderance of the evidence. But we have repeatedly rejected that contention. *See United States v. Tanner*, 628 F.3d 890, 907 (7th Cir. 2010); *United States v. Shannon*, 518 F.3d 494, 495-96 (7th Cir. 2008); *United States v. Vitrano*, 495 F.3d 387, 390 (7th Cir. 2007). Finally, Morrow maintains that he is entitled to a reduced sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. But he cannot benefit from the Act because it is not retroactive. *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010), *petition for cert. filed* (U.S. Mar. 4, 2011) (No. 10-9409). And in any event, the amendments to § 841(b) resulting from the Act would have no effect on Morrow; he still faced a maximum sentence of life, since the government had filed an enhancement information to establish his prior felony drug conviction, 21 U.S.C. § 851, and the jury found that the conspiracy involved at least 50 grams of crack, *id.* § 841(b)(1)(B)(iii). Moreover, at the resentencing in March 2010, the district court was required to apply the sentencing guidelines in effect at

the time of Morrow's first sentencing hearing in February 2008, well before the effective dates of the Act and the corresponding changes to the guidelines. *See* 18 U.S.C. § 3742(g)(1); *United States v. Tanner*, 544 F.3d 793, 797 (7th Cir. 2008).

Morrow has filed a motion to change the publication status of this order. However, the concern he expressed in the motion is not affected by this unpublished order.

Accordingly, the judgment is AFFIRMED, and Morrow's pending motion is DENIED.