# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2432

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael Donjuarel Scott, also known | * | |
| as Calvin Rich, also known as Mike, | * | |
| also known as Mike Mike, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 17, 2011
Filed: May 27, 2011

_____

Before WOLLMAN and BYE, Circuit Judges, and FLEISSIG,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Michael Scott pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21U.S.C. § 841(a)(1). The district court[2] sentenced Scott to 120 months' imprisonment, the mandatory minimum

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentence under § 841(b)(1)(A). Scott appeals, arguing that he is eligible for safety-valve relief under 18 U.S.C. 3553(f) and that the district court erred in concluding that it was required to assess criminal history points on the basis of his probationary status at the time of the instant offense. In the alternative, he asserts that we should vacate the sentence and remand it to the district court for resentencing in accordance with the recently enacted Fair Sentencing Act of 2010, Pub. L. No. 111-220 (Aug. 3, 2010). We affirm.

## II.

In February 2008, Scott traveled from Wisconsin to Minnesota with two co-conspirators to pick up a shipment of crack cocaine. On the return trip, a Wood County, Wisconsin, sheriff's deputy conducted a traffic stop on the vehicle in which Scott and others were riding. After arresting the driver for driving with a revoked license, the sheriff's deputy searched the vehicle and discovered thirty individual packets of crack, totaling approximately 53 grams.

Scott pleaded guilty to one count of conspiracy to distribute 50 grams or more of crack. Following entry of his plea, a Pre-Sentence Report (PSR) was prepared. The PSR concluded that Scott's total offense level was 25 and computed his criminal history score to determine his eligibility for safety-valve relief, pursuant to § 3553(f)(1). Scott had one prior criminal conviction for second-degree home invasion arising out of an incident in Michigan in 2006 and was still on probation for that conviction at the time of the instant offense. Section § 4A1.1(d) of the Guidelines instructs the sentencing court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Accordingly, though Scott had only one prior conviction, the PSR assessed three criminal history points: one for his 2006 conviction and two because he was on probation when committing the instant offense. To qualify for safety-valve relief, a defendant may "not have more than 1 criminal history point, as determined under the sentencing

guidelines." § 3553(f)(1). Accordingly, the PSR advised that Scott was ineligible for safety-valve relief.

Scott objected to assessment of the two points and maintained that the safety valve should apply, such that he was not subject to the mandatory minimum of 120 months' imprisonment. He also claimed that he was eligible for a 2-level reduction under § 2D1.1(b)(11) and § 5C1.2. Under that scenario, his final offense level would be 23 and his criminal history category would be I, resulting in an advisory guideline range of 46 to 57 months' imprisonment.

At sentencing, the district court found that Scott had committed the underlying offense while on probation and concluded that, pursuant to 18 U.S.C. § 3553(f)(1), it was required to assess two points to his criminal history score under § 4A1.1(d) of the U.S. Sentencing Guidelines. It determined that Scott's resulting criminal history score of three points rendered him ineligible for safety-valve relief. After commenting that "it's too bad" it could not do otherwise, the district court imposed the mandatory minimum sentence of 120 months' imprisonment.

### III.

"Safety-valve relief allows the district court to disregard an applicable statutory minimum if certain requirements are met." United States v. Barrera, 562 F.3d 899, 902 (8th Cir. 2009). Scott claims that the district court erred in assuming that § 3553(f) required that it look beyond the fact of his prior conviction to deny safety-valve relief based on his probationary status at the time of the instant offense. According to Scott, because the Guidelines are advisory, not mandatory, a district court must have discretion to determine whether to assess two points to a defendant's criminal history score for committing the offense while on probation. He claims that depriving the district court of such discretion runs afoul of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007). Scott

acknowledges that a district court may assess two points if a defendant commits the instant offense while on probation, but maintains that it cannot be forced to do so. He contends that his sentence is unconstitutional and should be vacated. In the alternative, he asserts that the matter should be remanded to the district court so that he may be sentenced in accordance with the recently enacted Fair Sentencing Act of 2010, Pub. L. No. 111-220 (Aug. 3, 2010).

The government contends that Scott's argument is foreclosed by Barrera and United States v. Leon-Alvarez, 532 F.3d 815 (8th Cir. 2008). In Barrera, we observed that the district court "could not have reduced [the defendant's] criminal history score simply to make him eligible for safety-valve relief." 562 F.3d at 903. We also characterized Leon-Alvarez as having "already addressed and rejected the notion that criminal history point calculation is advisory." Id. Scott maintains that the two cases advance the following interrelated but independent points: (1) a district court must include prior convictions when calculating criminal history points as a safety-valve criterion (Leon-Alvarez); and (2) district courts may assess 2 criminal history points if the defendant committed the instant offense while on probation (Barrera). He asserts that statements that run contrary to his position are dicta and argues that the actual holdings of these cases do not depend on, and therefore do not prove the validity of, the proposition he challenges: that § 4A1.1(d) of the Guidelines is mandatory, such that a district court has no choice but to assess two criminal history points if the defendant committed the instant offense while on probation. Scott contends that this proposition is at odds with Booker and Kimbrough.

In Booker, the Supreme Court reaffirmed the principle that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. To give effect to this principle, Booker rendered the Guidelines effectively advisory, with the result that a sentencing court is required to consider

-4-

Guidelines ranges, but is permitted "to tailor the sentence in light of other statutory concerns as well." Id.

In Kimbrough, the Supreme Court considered whether sentencing courts were bound to enforce sentences based on a section of the Guidelines that treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine. It concluded that "under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory." 552 U.S. at 91. Kimbrough acknowledged that the cocaine Guidelines express a policy under which crack cocaine offenses warrant harsher sentences than powder cocaine offenses, but concluded that a district court is not bound to adhere to such a policy except when determining whether statutory mandatory minimums apply. Id. at 105 (determining that the relevant sentencing statute does not require the Sentencing Commission or sentencing courts "to adhere to the 100-to-1 ratio for crack cocaine quantities other than those that trigger statutory mandatory minimum sentences").

Scott contends that the assessment of additional criminal points based on probationary status is also a policy preference embodied in the Guidelines and that a district court cannot be forced to adhere to it. He notes that any imposition of the statutory mandatory minimum based on the 100:1 ratio is based on the quantity of drugs involved, which is a fact that must be proven to a jury beyond a reasonable doubt or admitted in a plea agreement. He asserts that assessing points based on probationary status is altogether different, because that status is not a fact proven beyond a reasonable doubt or admitted by the defendant and is wholly divorced from the conduct for which the defendant is charged. Moreover, he notes that we have reversed a sentence predicated on a district court's erroneous belief that it is bound to adhere to the crack/cocaine disparity. United States v. Davis, 538 F.3d 914 (8th Cir. 2008) (concluding that a district court's mistaken belief that it was required to enforce the 100:1 ratio after Kimbrough was plain error). He contends that the district court's

belief that assessing points based on probationary status was mandatory was likewise erroneous and the resulting sentence should also be reversed.

In constructing this argument, Scott makes two contentions that he claims follow from the holdings in Booker and Kimbrough. First, he asserts that the fact of probationary status is a fact "other than a prior conviction" and, as such, may not be used to mandate that the district court impose an enhanced sentence. Second, and relatedly, he claims that mandating denial of safety-valve relief is equivalent to mandating imposition of an enhanced sentence. If it is unconstitutional to force a district court to impose an enhanced sentence on the basis of a fact other than a prior conviction, it is likewise unconstitutional to force a district court to deny safety-valve relief on the basis of a fact other than a prior conviction.

Scott begins from the premise that the fact of probationary status meaningfully differs from the fact of prior conviction out of which it arose. We disagree. We have previously held that "facts related to prior convictions are sentencing factors for the court not the jury," United States v. Winters, 411 F.3d 967, 974 (8th Cir. 2005), and indicated that probationary status is one such fact. See United States v. Mata-Peres, 478 F.3d 875, 879 (8th Cir. 2007) (rejecting the claim that "the district court violated Booker by judicially finding that the defendant was on probation"). Accordingly, we conclude that the fact of probationary status is subsumed within the fact of prior conviction and does not implicate the Sixth Amendment concerns highlighted in Booker.

We also conclude that the analogy to Kimbrough ultimately breaks down in describing the assessment of criminal history points based on probationary status as nothing more than a policy of the Guidelines. Section 3553(f)(1) is a statutory directive that states a condition of eligibility for safety-valve relief: a defendant may "not have more than 1 criminal history point, as determined under the sentencing guidelines." Cross-referencing to the Guidelines does not render advisory the manner

in which criminal history points are determined, nor does it allow the district court to grant safety-valve relief when application of the Guidelines, consistent with § 3553(f), would preclude it. See Barrera, 562 F.3d at 903. This view predominates among circuit courts that have considered arguments similar to that put forth here. See, e.g., United States v. Zayas, 568 F.3d 43, 45 (1st Cir. 2009) (rejecting the argument "that because the safety-valve requirements reference the guidelines and Booker made the guidelines advisory, then the safety-valve requirements are also advisory"); United States v. Tanner, 544 F.3d 793, 795 (7th Cir. 2008) (concluding that the sentencing judge "cannot treat as advisory the guideline provisions that are preconditions for safety-valve relief, namely 18 U.S.C. §§ 3553(f)(1) and (4)").

Scott's approach would permit district courts to disregard the clear statutory directive to apply § 4A1.1(d) in determining safety-valve eligibility. Such an approach is neither contemplated by the statute, nor permitted under the relevant case law. Because the district court's application of § 4A1.1(d) yielded a criminal history score greater than 1, Scott was ineligible for safety-valve relief under § 3553(f)(1). The district court correctly concluded that it had no choice but to impose the mandatory minimum sentence.

Scott argues in the alternative that we should vacate his sentence and remand the case to the district court for resentencing in accordance with the Fair Sentencing Act of 2010. This argument is foreclosed by our decision in United States v. Smith, 632 F.3d 1043 (8th Cir. 2011), which held that the Fairness in Sentencing Act is not retroactive.

The judgment is affirmed.

_____

-7-