NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 2, 2013[*]
Decided February 4, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-3711 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 09 CR 30 |
| *v.* | |
| BRYAN CAMPBELL, *Defendant-Appellant*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

In 2010 Bryan Campbell was convicted of conspiracy to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and sentenced to 130 months. He appealed, raising several challenges to his sentence. We rejected most of his arguments, including his claim that the

---

[*] This successive appeal has been submitted to the original panel under Seventh Circuit Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a).

sentencing hearing should have been postponed until after the effective date of the Fair Sentencing Act ("FSA"). *United States v. Campbell,* No. 10-2884, order at 2 (7th Cir. July 11, 2011). On that point we held that the district court lacked authority to grant a continuance to allow the defendant to "reap the possible benefits" of a change in the law. *Id.* (citing *United States v. Tanner,* 544 F.3d 793, 796-97 (7th Cir. 2008)). We noted in any event that the Fair Sentencing Act would not apply to Campbell under our decision in *United States v. Fisher,* 635 F.3d 336, 340 (7th Cir. 2011), which held that the FSA does not apply retroactively.

We concluded, however, that the district judge had not sufficiently explained why he rejected Campbell's argument for a discretionary variance from the crack-cocaine guideline. The judge had apparently used the more lenient powder-cocaine guideline when sentencing a codefendant—the crack dealer for whom Campbell was the middleman—and Campbell asked for the same treatment. Based on our review of the record, we could not be sure why the judge decided to treat Campbell more harshly. *Campbell,* No. 10-2884, at 4. So we vacated Campbell's sentence and remanded for "a more complete explanation for why [the court] chose to sentence Campbell using a 100:1 ratio of crack to powder cocaine despite earlier sentencing his more culpable codefendant using a 1:1 ratio." *Id*.

We acknowledge that our prior order was less than clear about the scope of the remand. But the district court and the parties correctly construed it as a remand for resentencing. The court heard argument from counsel and, after a thorough explanation, imposed a sentence of 120 months. Campbell again appeals, this time arguing that the Supreme Court's intervening decision in *Dorsey v. United States,* 132 S. Ct. 2321 (2012), requires resentencing. *Dorsey* held that the Fair Sentencing Act's reduced statutory penalties apply to defendants sentenced after the statute's effective date of August 3, 2010, even if the offense conduct took place before that date. *Id.* at 2335. *Dorsey* thus reversed our decision in *Fisher* (the *Fisher* and *Dorsey* cases were consolidated for decision in this court), and Campbell now claims he is entitled to resentencing using the FSA's lower mandatory minimums.

The government acknowledges the *Dorsey* error but argues that it is harmless. We agree. The district judge made it clear that he was imposing the 120-month sentence not because it was the statutory minimum but because it was the "appropriate sentence given all the factors." After exhaustively explaining the reasons for the sentence—including Campbell's lengthy criminal record and his failure to learn a lesson from earlier prison terms—the judge made this statement:

> I'm going to sentence Mr. Campbell at the mandatory minimum. That's
> 120 months. Now, I'm going to say that—but I want to make equally clear
> that I'm not sentencing at the mandatory minimum because of the 1 to 1

ratio or because of anything else—I'm sentencing at the mandatory minimum because I think that is the fair sentence. *If the law didn't impose mandatory minimums, I would still give Mr. Campbell this sentence for the reasons that I have described.* I don't think a sentence of 41, which is three and a half years on the low end, or 51 months, which is four years and three months at the high end, is sufficient given Mr. Campbell's criminal history, the amount of time he has done in prison and what he has done when he's come back out. I don't think that is sufficiently severe. *So if there was no mandatory minimum or if the mandatory minimum were lower, I would still give this sentence because I think it is an appropriate sentence given all the factors that I've stated.*

(Emphases added.)

The judge could not have been plainer. The 120-month sentence was not based on the statutory minimum, now reduced by the FSA. Instead, the sentence was based on the judge's exercise of discretion after weighing all of the relevant sentencing factors under 18 U.S.C. § 3553(a). Where, as here, the court makes it clear that the sentence would be the same regardless of the statutory minimum, the *Dorsey* error is harmless. *United States v. Foster*, 701 F.3d 1142, 1157-58 (7th Cir. 2012) (holding that a *Dorsey* error is harmless where the district court would have imposed the same sentence regardless of the FSA).

We have reviewed Campbell's remaining arguments; they likewise lack merit, so the sentence is **AFFIRMED**.