NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS A. PICCONE,**

*Plaintiff-Appellant*

**v.**

**JOSEPH MATAL, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE, WILLIAM COVEY, OED DIRECTOR OF USPTO, WILLIAM GRIFFIN, DEPUTY OED DIRECTOR OF USPTO, DAHLIA GEORGE, STAFF ATTORNEY OF USPTO, UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Defendants-Appellees*

**JOHN AND JANE DOE 1-5,**

*Defendant*

---

2017-1544

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:15-cv-00536-JCC-TCB, Judge James C. Cacheris.

---

Decided: August 11, 2017

---

LOUIS A. PICCONE, Hawkesbury, Ontario, Canada, pro se.

KIMERE JANE KIMBALL, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA, for defendants-appellees. Also represented by DANA J. BOENTE.

_____

Before NEWMAN, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Louis Piccone appeals an order from the United States District Court for the Eastern District of Virginia dismissing his complaint against the United States Patent & Trademark Office ("PTO") and five PTO employees (the "Individual Defendants"). Because we lack jurisdiction to review the underlying order and the district court did not abuse its discretion in denying Mr. Piccone's motion for reconsideration, we *affirm*.

## BACKGROUND

Mr. Piccone is an attorney licensed to practice law in Pennsylvania and a registered practitioner before the PTO. The PTO filed a complaint and notice of disciplinary proceedings against Mr. Piccone, alleging he had engaged in the unauthorized practice of law. The complaint alleged that Mr. Piccone prosecuted a trademark application while suspended from the Pennsylvania Bar and represented individuals in jurisdictions where he was neither licensed nor admitted pro hac vice. Mr. Piccone filed a Freedom of Information Act ("FOIA") Request seeking documents concerning the PTO's investigation. The PTO identified its employees most likely to possess responsive documents and searched their files for relevant materials, but it did not produce anything because every identified document was protected from disclosure as

relating to an ongoing disciplinary investigation. After a series of appeals within the PTO and further document searches using other spellings of Mr. Piccone's name, the PTO located and produced a number of responsive documents.

On April 23, 2015, Mr. Piccone filed the underlying complaint in the Eastern District of Virginia. His complaint contained a host of allegations, including alleged constitutional violations by the Individual Defendants, challenges to the PTO's FOIA decisions, and a request for declaratory relief from the PTO's disciplinary proceedings. The Individual Defendants moved to dismiss, and the PTO moved to dismiss and for summary judgment. The district court held a hearing on October 15 and granted the motions on October 27, 2015. It issued a separate order later that day informing Mr. Piccone he had thirty days to file a notice of appeal.

On December 9, 2015, Mr. Piccone filed a motion to reconsider the October 27 order. Mr. Piccone argued, among other things, that he deposed Dahlia George, a PTO attorney and one of the Individual Defendants, on October 13–14, 2015, in connection with his PTO disciplinary proceedings, and that her testimony was relevant to the district court motions. The district court denied the motion for reconsideration on December 30, 2015, noting that Mr. Piccone deposed Ms. George prior to the hearing on the motions to dismiss and could have presented the new evidence at that time.

On February 29, 2016, Mr. Piccone filed a notice of appeal to the Court of Appeals for the Fourth Circuit, which transferred the case to our court. His notice stated that he was appealing "the final judgment dismissing the above-identified case, entered December 29, 2015." We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

Although the majority of Mr. Piccone's brief to our court addresses the district court's October 27, 2015 order granting summary judgment, our appellate jurisdiction is limited to reviewing the district court's December 30, 2015 order denying Mr. Piccone's motion for reconsideration.[1] The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Under the Federal Rules of Appellate Procedure, Mr. Piccone had sixty days from the date of the October 27, 2015 order to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B)(ii); *Gist v. United States*, 504 F. App'x 918, 918 (Fed. Cir. 2013). Mr. Piccone did not file his notice of appeal until February 29, 2016, more than four months after the summary judgment order. And his notice of appeal only identified the district court's December 30, 2015 order denying reconsideration. We therefore lack jurisdiction to review the October 27, 2015 order.

The district court interpreted Mr. Piccone's December 9, 2015 motion for reconsideration as a motion under Rule 60 rather than Rule 59 of the Federal Rules of Civil Procedure. We see no error in this conclusion. Under Rule 59, a party must file a motion to amend a judgment within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e). Mr. Piccone filed his motion forty-three days after the October 27, 2015 order. The district court properly treated his motion as a Rule 60 motion, which may be filed within a year of entry of judgment. *See* Fed. R. Civ. P. 60(c)(1).

Because the denial of a Rule 60(b) motion is a procedural issue not unique to patent law, we apply regional

---

[1] The notice of appeal incorrectly lists the date as December 29, 2015.

circuit law. *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1360 (Fed. Cir. 2014). The Fourth Circuit reviews the denial of a Rule 60(b) motion for abuse of discretion. *Aikens v. Ingram*, 652 F.3d 496, 501 (Fed. Cir. 2011). An appeal from the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

The district court did not abuse its discretion in denying Mr. Piccone's request for reconsideration. Mr. Piccone based his request for reconsideration on new evidence—Ms. George's testimony in the PTO disciplinary proceedings. But as the district court noted, Ms. George was deposed prior to oral argument on the motions to dismiss and motions for summary judgment. This gave Mr. Piccone the opportunity to offer Ms. George's testimony to the district court prior to its resolution of the motions. It was not an abuse of discretion for the district court to determine that this was not evidence that "could not have been discovered in time to move for a new trial under Rule 59(b)," which is twenty-eight days. *See* Fed. R. Civ. P. 60(b)(2).

## CONCLUSION

The district court's order denying Mr. Piccone's motion for reconsideration is *affirmed*.

## **AFFIRMED**

## COSTS

No costs.